## MANDELL, Plaintiff, v. YELLOW CAB COMPANY OF CLEVELAND, Defendant.

Common Pleas Court, Cuyahoga County.

No. 676640.   Decided July 31, 1958.

you are a member of the Plaintiff corporation, don't you?   A. I don't know what they have in mind, but they know we had been a Quality Court.

"Q. You give them to understand that you are a Quality Court by your sign, don't you?   A. We are a Quality Court, yes."

Jack G. Day, Cleveland, for plaintiff.

Joseph F. Lombardo, Thomas P. Meaney, of Halle, Haber, Berick & McNulty, Cleveland, for defendant.

## OPINION

By THOMAS, J. The plaintiff Leon Mandell is suing the defendant Yellow Cab Company for damages for personal injuries said to have been sustained in a collision on January 17, 1954, between defendant's cab and plaintiff's automobile.

At the prertial defendant's counsel moved—

". . . that it be given the right to inspect and copy, copy of plaintiff's income tax returns from 1954 to date, which are in the hands of the plaintiff or his auditor, or whoever makes his returns."

Counsel for the plaintiff, opposing the motion, stated—

"The position of the plaintiff, is, Judge, that they are entitled to know about his earnings under the issues made by the pleadings, but that an income tax return, first, has a privilege under Congressional enactment which he does not have to waive and doesn't waive by filing a lawsuit, certainly so long as the information is available to the other side through other means."

The pretrial order shows that counsel for the defendant thereafter limited their request to see income tax returns of the plaintiff—

". . . to reports of earnings, wages, salaries for personal services, and/or profits in connection with the operation of any business, but are specifically disclaiming any right or desire to examine income tax returns with reference to plaintiff's personal contributions to charitable or philanthropic causes; likewise, any other information relating to exemptions or deductions or earnings from securities or bank accounts or other sources of income, other than the ones previously listed."

In moving for the production of the earnings portion of plaintiff's income tax returns which are in the hands of the plaintiff, the defendant must proceed under **RC §2317.32 (GC §11551), which provides:**

**526**

"Upon motion, and reasonable notice thereof, the court in which an action is pending may order the parties to produce the books and writings in their possession or power which contain evidence pertinent to the issue . . . ."

It is agreed that the plaintiff has copies of the requested income tax returns. These retained copies are writings in the party's possession. Hence the first requirement of RC §2317.32, is met.

Determination of the alternative question of whether facsimile copies of the actual returns are within the power of the plaintiff is deferred until resolution of the main question of whether retained copies of the original return or facsimile copies of the original return are privileged from the disclosure in connection with this judicial proceeding.

RC §2317.32, restricts the right of production to books and writings "which contain evidence pertinent to the issue." In construing GC §11551 (the predecessor of RC §2317.32), the Supreme Court of Ohio, In re Keough, 151 Oh St 307, 39 O. O. 141, has held that any document may be obtained which is relevant to the action and which is not privileged. Compare Sloan v. S. S. Kresge Company, 43 O. O. 407.

Counsel for plaintiff admits that the defendant is "entitled to know about his (plaintiff's) earnings under the issues made by the pleadings." That plaintiff intends to heavily rely on a claim of loss of earnings in proof of damages is evident from his petition. After describing certain serious and permanent injuries he alleges that these injuries—

". . . have in the past and still do interfere with his ability to go about and perform his usual duties and activities in a normal manner; that as a result thereof, he was unable to attend to his usual occupation or business, and in fact was unable to attend to any occupation or operation of his business, and was deprived of the income and earnings therefrom; that he was incapable of earning a livelihood for himself or his family."

Furthermore he asserts that—

". . . prior to the collision complained of herein, he entered into an agreement whereby he was to manage and operate another hotel for a salary and other benefits, and thereby expanding his business operations, but that the injuries complained of herein forced him to lose the benefit of said agreement."

Plaintiff's reports of earnings in his income tax returns for 1954 and for ensuing years are certainly pertinent to the issue of damages, and therefore pursuant to RC §2317.32, the plaintiff must produce them if they are not privileged. In re Keough, supra.

The core of the controversy is now reached.

Plaintiff contends that his income tax returns (including his retained copies) are privileged against disclosures in this judicial proceeding by reason of a general privilege against revelation which exists, he insists, under Title 26 U. S. C. A. Sec. 6103 (Internal Revenue Act of 1954). the successor section to Title 26 U. S. C. A. Sec. 55 (Internal Revenue Act of 1939).

Insofar as here pertinent Section 6103 provides:

"Sec. 6103. Publicity of returns and lists of taxpayers.

"(a) Public record and inspection.

"(1) Returns made with respect to taxes imposed by chapters 1, 2, 3, and 6 upon which the tax has been determined by the Secretary or his delegate shall constitute public records; but, except as hereinafter provided in this section, they shall be open to inspection only upon order of the President and under rules and regulations prescribed by the Secretary or his delegate and approved by the President.

". . . .

"(3) Whenever a return is open to the inspection of any person a certified copy thereof shall, upon request, be furnished to such person under rules and regulations prescribed by the Secretary or his delegate. The Secretary or his delegate may prescribe a reasonable fee for furnishing such copy."

NOTE: (Chapter 1 relates to income taxes. The phrase "except as hereinafter provided in this section" refers to inspection permitted under (b) Inspection by States; (c) Inspection by Shareholders; (c) Inspection by Committees of Congress.)

Paragraph (a)(1) classifies income tax returns as public records, at the same time delegating full authority to the president to determine when income tax returns shall be open to inspection.

An executive order carrying out this delegation of power was approved by President Franklin D. Roosevelt on August 28, 1939, which still remains in effect as Federal Regulations 458.50 to 458.57 (26 CFR 458.50 to 458.57). Insofar as here pertinent it provides:

"458.52. **Return of individual.** The return of an individual shall be open to inspection (2) by the person who made the return, or by his duly constituted attorney in fact; . . ."

By virtue of Section 6103 (a) (3), supra, and Federal Regulation 458.205, 26 CFR page 225 of the supplement, prescribed pursuant to Section 6103 (a) (3) by the Secretary of the Treasury, the taxpayer, at his own expense, has the unqualified right to secure a certified copy of the original return.

Entitled to secure a copy of his original return a taxpayer may use his return, if relevant, as evidence in a civil case, inasmuch as said copy is a public record. Surely if the taxpayer may use a copy of his original return to support his cause, even handed justice requires that the same relevant copy of the original return be available for use by his opponent in a civil case, **unless** there is an express statutory privilege against disclosure in a judicial proceeding when the copy of the return is used adversely to the taxpayer. There is none.

There are however penal provisions of the income tax laws, Title 25 USCA Section 7213 which are intended to guard against the "Unauthorized disclosure of information." Insofar as pertinent this section provides:

"(a) Income returns.

"(1) Federal employees and other persons. It shall be unlawful for any officer or employee of the United States to divulge or to make known in any manner whatever not provided by law to any person the amount or source of income. profits, losses, expenditures, or any particular thereof, set forth or disclosed in any income return, or to permit any income

return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; . . . ."

Paragraph (a) (1) continues—

". . . and it shall be unlawful for any person to print or publish in any manner whatever not provided by law any income return, or any part thereof or source of income, profits, losses, or expenditures appearing in any income return; . . . ."

Dealing with the meaning and scope of the last quoted penal section, the Supreme Court of Ohio In re Frye, 155 Oh St 345, at page 353, 44 O. O. 320, at page 323, has found that an accountant called upon to make disclosures under the compulsion of court process could not be guilty of any criminal intent to violate such penal section.

It is evident that the purpose and effect of these foregoing provisions of law is to shield individual income tax returns from the eyes of peeping toms, both inside and outside the government. By such protection undoubtedly Congress and the Executive Branch seek to protect an individual's right of privacy concerning his income, and at the same time to encourage taxpayers to fully and truthfully disclose all of their income. To the extent just recited, the foregoing provisions of law establish a statutory privilege against public disclosure.

Similarly, Ohio Personal Property Tax returns and copies of returns under RC §5711.11, are not "open to public inspection." Nevertheless the Supreme Court In re Estate of Fife, 164 Oh St 449, Syllabus 7, 58 O. O. 293, has ruled that—

". . . such tax returns may be procured by subpoena and introduced in evidence in a court proceeding where they are proper and relevant to a material issue."

Giving full consideration to Title 26 USCA Section 6103 (a) (1) and (3) and Federal Regulations 458.52 and 458.205, supra, this Court concurs with and adopts the following wording of Judge Hincks in his pioneer ruling in Connecticut Importing Co., v. Continental Distilling Corp., 1 F. R. D., 190, decided April 13, 1940:

"Nothing in this statute nor the regulations issued thereunder precludes a court of competent jurisdiction from requiring a disclosure of a tax return by the taxpayer in connection with civil litigation to which the taxpayer is a party."

Likewise this court agrees with Judge Hincks that no distinction should be drawn between the admissibility of a copy of the original return and a copy retained by the taxpayer. If there is a statutory privilege which prevents the use of a copy of the original return in the trial of a case, the same privilege attaches to a retained copy of the filed return. Since the copy would not have come into existence if it were not for the original, the difference between the original and the retained copy is one of form but not of substance. Conversely if no privilege attaches to the copy of the original, obtainable from the District Director or Commissioner of Internal Revenue, a retained copy is equally free from any privilege which would deny its relevant use in a civil case in which the taxpayer is a litigant.

There is however one further pertinent Federal Regulation, namely

458.204, which requires examination. This section, entitled "Use of Returns in Litigation" principally serves to authorize and regulate the use of an original tax return in matters in which the United States has an interest. However it concludes with a sentence which bears on all litigation. It reads:

"Neither the original nor a copy of a return desired for use in litigation in court will be furnished if the United States Government is not interested in the result, but this provision is not a limitation on the use of copies of returns by the persons entitled thereto." (Emphasis added.)

Clearly cancelling the sweeping prohibition of the first clause the emphasized clause expressly permits persons entitled to copies of returns to use those copies in litigation. If the term "persons entitled thereto" includes only persons enumerated in Federal Regulation 458.52, supra, then it might be agreed that this emphasized clause, by implication, forbids the use in litigation of a copy of a return by an opposing litigant. However an implied creation of a privilege against disclosure in a judicial proceeding will not be upheld. Privileged communications, being generally in derogation of the common law, are not recognized unless expressly established by law. **Weis v. Weis, 147 Oh St 416, 34 O. O. 350,** fourth syllabus.

Moreover the authority of the Secretary of Treasury to prescribe Federal Regulation 458.204 is Title 26 USCA 6103 (a) (3) which reads:

"(3) Whenever a return is open to the inspection of any person a certified copy thereof shall, upon request, be furnished to such person under rules and regulations prescribed by the Secretary or his delegate."

This provision gives the Secretary of the Treasury no power to create a privilege of non-disclosure of a copy of an original return in a judicial proceeding in which the taxpayer is a party.

However even if it were held that the emphasized clause of Federal Regulation 458.204 validly confers a privilege against non-disclosure of a copy of a return in the present case, it would then be necessary to determine whether the plaintiff has waived that privilege.

In Federal Regulation 458.204 there is no mention of privilege and perforce there is no mention of how the privilege may be waived. The present situation is not comparable to one arising under the privileged communications section of the Ohio statutes. **RC §2317.02.** Privileged communications are only creatures of statute. Under **RC §2317.02,** if the client or patient voluntarily testifies, the attorney or doctor may be compelled to testify.

Here, in the absence of any statutory guides, simple justice requires that since the plaintiff in his petition voluntarily makes an issue of his earnings during 1954 and ensuing years, he is deemed, by operation of law, to have waived any privilege which he may conceivably have under Federal Regulation 458.204.

Before concluding this opinion it is relevant to record those cases which have been found which have passed on the question of the right to order a taxpayer to secure a copy of his original tax returns in a case in which he is a party.

Those cases which have refused to grant such an order are:

O'Connell v. Olsen & Ugelstadt (N. D., Ohio, 1949), 10 F. R. D., 142; Loew's Inc., v. Martin (N. D. Ohio, 1950), 10 F. R. D., 143; United Motion Theatre Co., v. Eland, 199 F. (2d), 371 (a memorandum per curiam by CA 6, 1952); Austin v. Aluminum Co. of America, (E. D., Tenn., 1954), 15 F. R. D., 490; Maddox v. Wright (D. D. C., 1952), 103 F. Supp., 401; Viola Jones v. The City Yellow Cab Co. (N. D., Ohio, June 10, 1958); **Ross v. Keilson Cigar Co., 33 O. O. 412.**

Those cases which have granted an order of production are:

Connecticut Importing Co., v. Continental Distilling Corporation (D. C. Conn., 1940), 1 F. R. D., 190; Reeves v. Penna. R. Co. (D. C. Del. 1948), 80 F. Supp., 107; The Sultana, (W. D., N. Y., 1948), 77 F. Supp., 287; Connor v. Gilmore (Superior Ct. Delaware 1950), 42 A. F. T. R. 1090, 50-1 U. S. T. C. Para. 9136; Paramount Film Distributing Corp. v. Ram (E. D., S. Car., 1950), 91 F. Supp., 778; Nola Electric v. Reilly (S. D. N. Y., 1950), 11 F. R. D., 103; Volk v. Paramount Pictures (D. C., Minn., 1950), 19 F. R. D., 103; Mullen v. Mullen (D. Alaska, 1953), 14 F. R. D., 142; Tollefsen v Phillips, (D. C. Mass., 1954), 16 F. R. D., 348; Konczakowski v. Paramount Pictures (S. D. N. Y., 1956), 19 F. R. D., 361; Karlsson v. Wolfson, (D. C., Minn., 1956), 18 F. R. D., 474; See also Federal Practice and Procedure, Barron & Holtzoff, Section 798 (1957 Pocket Part); Kingsley v. Delaware, Lackawanna & Western R. Co (S. D., N. Y., 1957), 20 F. R. D., 156; Rubenstein v. Kleven (D. C., Mass., 1957), 25 Federal Rules Service, Page 34.42-1; Currier v. Allied New Hampshire Gas Co. (N. H., S. Ct., 1957), 137 A (2nd), 405.

Thus it is evident that the ruling arrived at by this Court on the puzzling public question here considered is the same result reached by a clear and growing majority of courts across the land.

Condensing the ruling,

(1) It is determined that copies of the plaintiff's federal income tax returns for 1954 and ensuing years are within the plaintiff's possession and power, pertinent to the issues of this case, and not privileged against disclosure in this judicial proceeding;

(2) The plaintiff therefore is directed to produce for inspection and copying his retained copies, if complete and correct duplicates of his original returns, otherwise he is directed to secure certified copies of the original returns at defendant's expense. However he may block out or delete those portions of his returns which accord with the limitations of the pretrial order.

Defendant's motion for production, as limited in the pretrial order, is granted. Exceptions to the plaintiff.