ANDERSON et al.; Ruark, Appellant,

v.

A.C. & S., INC. et al., Appellees.

[Cite as *Anderson v. A.C. & S., Inc.* (1992), 83 Ohio App.3d 581.]

Court of Appeals of Ohio,
Summit County.

No. 15544.

Decided Dec. 23, 1992.

David I. Shroyer, for appellant.

Robert Archibald and Bill Willis; James Barnhouse; Thoms Betz and John Travis; Henry Billingsley and John Tillman; William Bonezzi and Kevin Kadlec; Smith Brittingham and Neil Evans; Thomas Cabral; Edward J. Cass and Ernie Auciello; Jeffrey Casto; James P. Conroy and Ezio A. Listati; Tom Curran and Millie Collins; Michael D. Eagen; Mary Ellen Fairfield; Mike Gallagher; Mark Gamin and Michael Wise; Elizabeth Geise and John T. Rich; Terrance P. Gravens; Jacob Hess, Jr.; Laura K. Hong; Donald Huffman and Michael Thomas; Eric S. Sarner; Allen Joslyn; Jack Kluznik and Marie Kortan; Ann Koester and Robert Bunda; Betty Konen and Ronald Kopp; Roy Leonard; Bruce Mandel; Eric Mann; Samuel R. Martillotta; Raymond J. Marvar; Regina Massetti; Justin D. McCarty; James L. McCrystal, Jr.; John Ours; John Peto; Kathleen A. Pettingill; Donald Powell; Dennis Race; Bruce G. Rinker, Ronald A. Rispo and Maria Kortan; Dave Ross and Matthew O'Connell; David Schaefer; William F. Scully and Stanley Keller; Percy

*Squires* and *Darlene Chavers; William A. Viscomi; Elizabeth Wright* and *Barbara Arison; Jim Price* and *Rob Buel; Gary Hermann; John Chronquist* and *Steve Merriam; Nicholas Evanchan,* for appellees.

REECE, Judge.

Appellant, Vernon Ruark, is one of over nine hundred plaintiffs in a series of cases which have been consolidated and designated the "Northern Ohio Tireworker Cases." These plaintiffs allege personal injuries resulting from exposure to asbestos. The suits name approximately one hundred fifty different defendants allegedly involved in the mining, manufacturing, distribution and/or sale of asbestos and asbestos-containing products.

In an attempt to control the mass of paperwork and ensure that these cases are expeditiously brought to trial, the trial court has entered several standing orders regulating pretrial procedures. One such order, Standing Order No. 2, entered by the court on November 16, 1989, governs all pretrial discovery activities. Section 10(b) of this order requires each plaintiff to serve upon the defendants:

"1. The tireworker's Social Security Statement of Earnings showing the names of all employers and the quarters of years worked for each employer;

"2. The tireworker's tax returns for the preceding five years[.]"

Section 11(d) of the order addresses sanctions for a party's noncompliance with discovery:

"A failure by any party to comply with the responses to discovery or any orders of this Court or Referee may result in sanctions, *up to and including adverse judgment or dismissal.*" (Emphasis added.)

On October 28, 1991, Ruark filed with the court a written notice of his intention not to pay the costs of acquiring from the federal agencies the required Social Security and income tax records. Instead, Ruark notified the court that he had provided the defendants with signed releases so that they could obtain the requested information at their own expense. On December 20, 1991, the court dismissed, with prejudice, Ruark's complaint for failing to comply with the discovery order. Ruark appeals this dismissal, raising four assignments of error which are interrelated and will be addressed together.

## Assignments of Error

"I. The trial court erred to the prejudice of the plaintiff Vernon Ruark in dismissing plaintiff's action."

"II. The trial court erred to the prejudice of plaintiff Vernon Ruark and abused its discretion in imposing the drastic action of dismissing plaintiff's action arising from injury due to asbestos exposure and for plaintiff's failure to pay for and obtain records from the Social Security Administration and Internal Revenue Service at a cost of approximately $200.00, and produce them to defendants, when the plaintiff did not have actual or constructive possession of the documents and had already previously provided authorizations to the defendants which would enable them to obtain the records directly from those federal agencies."

"III. The trial court erred to the prejudice of the plaintiff Vernon Ruark in dismissing plaintiff's action since, under the circumstances of the case, the order of dismissal was not 'just' and the plaintiff's action in failing to purchase and mail the information requested by the defendants was substantially justified."

"IV. The trial court erred to the prejudice of the plaintiff in dismissing plaintiff's action since it had no authority to require the plaintiff to fund the defense or require him to obtain documents for the benefit of the defendants from a non-party not under the control of plaintiff."

This appeal presents two issues for this court to consider: First, may the trial court order a party to fund the discovery of the opposing party. Specifically, the question is whether the trial court has the authority to order Ruark to expend his money in providing records to the defendants, when those records are not under his direct control. The second issue is whether the court abused its discretion in dismissing Ruark's complaint, with prejudice, for failing to comply with discovery.

The Ohio Rules of Civil Procedure attempt to minimize the role of the court in matters of discovery by permitting the parties to pursue open discovery without leave of court. Typically, the court is drawn into regulating discovery only when a party moves to compel discovery under Civ.R. 37, or seeks a protective order pursuant to Civ.R. 26(C). However, in setting out the scope of discovery, Civ.R. 26(B) begins with the language, "[u]nless otherwise ordered by the court in accordance with these rules * * *." Thus, the discovery provisions of the Civil Rules are subject to regulation by the court, within its discretion, exercised in accordance with the rules. *State ex rel. Daggett v. Gessaman* (1973), 34 Ohio St.2d 55, 63 O.O.2d 88, 295 N.E.2d 659, paragraph one of the syllabus. See 36 Ohio Jurisprudence 3d (1982) 47, Discovery and Depositions, Section 32. Accordingly, our review is limited to determining whether the trial court abused its discretion.

Civ.R. 34 permits the inspection and copying of documents "which are in the possession, custody or control of the party upon whom the request is served." Over time, the courts have come to recognize that Civ.R. 34 permits discovery of a taxpayer's income tax returns, which, even though not in his possession, may be

obtained by the taxpayer from the applicable governmental agency.  See *Mandell v. Yellow Cab Co. of Cleveland* (C.P.1958), 84 Ohio Law Abs. 524, 530, 13 O.O.2d 199, 203, 170 N.E.2d 296, 301; 23 American Jurisprudence 2d (1983) 567, Depositions and Discovery, Section 261.  While acknowledging that his income tax returns and Social Security records are subject to discovery, Ruark claims that the court erred in requiring him to pay the costs of securing these records.  He argues that his only obligation is to provide defendants with a properly executed release form so that they may obtain the records.  In support of his position, Ruark cites several cases, including *Mandell,* holding that the expense of obtaining such records is to be borne by the party seeking production.  See, generally, Annotation, Discovery and Inspection of Income Tax Returns in Actions between Private Individuals (1960), 70 A.L.R.2d 240, 252–253.

We agree that as a general rule such discovery costs should be placed on the party requesting the documents.  However, we also recognize that exceptions may arise depending upon the specific circumstances of the case.  By its nature, compliance with discovery will cause a party some degree of burden and/or expense.  *Finley v. Kline* (1988), 53 Ohio Misc.2d 1, 4, 557 N.E.2d 853, 856.  It is the task of the trial court, in exercising its discretion in discovery matters, to balance the relevancy and need for the requested information against the hardship it would impose upon the responding party.  *Stegawski v. Cleveland Anesthesia Group, Inc.* (1987), 37 Ohio App.3d 78, 85, 523 N.E.2d 902, 909.

In the present case, the court was confronted with the task of having almost one thousand plaintiffs provide income tax returns and Social Security records to approximately one hundred fifty defendants.  Many of these plaintiffs may have these records in their possession and could supply copies to the defendants at minimal expense.  These same plaintiffs would have little incentive to provide defendants with these records, thereby reducing defendants' expenses, if given the option to submit only a signed release form.  Additionally, providing each defendant with a release form to secure these records would be unnecessarily duplicative.  It would be wasteful to have each defendant separately pay the expenses in acquiring these documents when each plaintiff could perform the same task just once.

Litigation necessarily involves some expense, and parties to a lawsuit, particularly the plaintiffs in bringing the action, must anticipate that some expense will befall them.  *Finley,* 53 Ohio Misc.2d at 4, 557 N.E.2d at 856.  The estimates of each plaintiff's costs in complying with Standing Order No. 2 range from $75 to $200.  The actual cost, if both income tax and Social Security records must be acquired by the plaintiff, probably falls somewhere between these two figures.  "The issue of who should bear the expense of discovery lies within the discretion of the trial court."  *Simmons v. Merrill, Lynch, Pierce, Fenner & Smith* (1977),

53 Ohio App.2d 91, 97, 7 O.O.3d 65, 69, 372 N.E.2d 363, 368, fn. 6. On appeal, discretionary decisions of the court will not be disturbed unless found to be "unreasonable, arbitrary or unconscionable." *Steiner v. Custer* (1940), 137 Ohio St. 448, 19 O.O. 148, 31 N.E.2d 855, paragraph two of the syllabus. Given the complexities of the "Tireworker Cases," and the need to facilitate discovery in an orderly fashion, we find no abuse in requiring each plaintiff to pay these rather small costs.

Ruark next argues that the court erred in dismissing his complaint for failing to comply with discovery. He points out that dismissal is a severe sanction and should be imposed only as a last resort. *Furcello v. Klammer* (1980), 67 Ohio App.2d 156, 159, 21 O.O.3d 454, 456, 426 N.E.2d 187, 189.

■ Under Civ.R. 37(B)(2), the court has a range of options available in sanctioning a party for failing to comply with discovery. We have previously held that the court must tailor the sanction to the severity of the violation. *Russo v. Goodyear Tire & Rubber Co.* (1987), 36 Ohio App.3d 175, 178, 521 N.E.2d 1116, 1119. We will not disturb the judgment of the trial court unless the "degree of the sanction is disproportionate to the seriousness of the infraction under the facts of the case." *Id.* at 179, 521 N.E.2d at 1120.

■ Throughout pretrial, Ruark's counsel, who represents numerous plaintiffs in this action, has challenged the propriety of Standing Order No. 2. On April 11, 1991, the trial court entered Standing Order No. 3, setting a timetable for discovery. This order reiterates the requirement that plaintiffs provide defendants with their income tax returns and Social Security records. Sometime prior to May 1991, Ruark's counsel, on behalf of co-plaintiffs Warren and Bush, moved the court to take *de bene esse* depositions of their clients. Several defendants opposed this motion on the basis that plaintiffs had failed to comply with Standing Order No. 2. The matter was heard by a referee pursuant to Civ.R. 53. The referee's report, filed with the court on June 15, 1991, recommended that plaintiffs' motion be denied due to their failure to comply with discovery.

On July 1, 1991, Ruark's counsel, again on behalf of co-plaintiffs Warren and Bush, moved the court to reconsider its requirement that plaintiffs provide defendants with these records. On August 13, 1991, the court denied the motion, restating its position in Standing Order No. 2 that failure to comply will result in sanctions "up to and including dismissal as authorized under the Ohio Rules of Civil Procedure." On at least one other occasion, Ruark's counsel was warned that failure to comply with discovery could result in dismissal. Finally, on October 28, 1991, Ruark filed a written notice of his intent not to provide the required income tax and Social Security records.

In *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 101, 22 OBR 133, 135, 488 N.E.2d 881, 883, the Ohio Supreme Court held "that the notice requirement of Civ.R. 41(B)(1) applies to *all* dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders." (Emphasis *sic.*) Civ.R. 41(B)(1) states:

"Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, *after notice to the plaintiff's counsel,* dismiss an action or claim." (Emphasis added.)

Throughout these proceedings, Ruark's counsel was repeatedly given notice by the court that continued failure to comply with discovery could result in dismissal. Yet, in the face of such warnings, not only did Ruark fail to provide the records, but he notified the court of his intent to disobey its order. Under these circumstances, we find no abuse by the trial court in dismissing Ruark's complaint. While dismissal is a severe sanction, we have upheld its imposition when a plaintiff's continued failure to comply with discovery is the result of willfulness or bad faith. *Russo,* 36 Ohio App.3d at 179, 521 N.E.2d at 1120.

Accordingly, Ruark's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO, J., concurs.

BAIRD, J., dissents.

BAIRD, Judge, dissenting.

Though perhaps a less compelling argument could be made in connection with past income tax returns, it seems to me highly unusual that anyone would be expected to have among his possessions a history of his Social Security account, because such history is obtainable only from the Social Security Administration, and then only upon payment of a fee.

Appellant, apparently seeking to be relieved of the obligation to provide such records to the other side, filed a "Notice of Non–Compliance," indicating that he had tendered releases which could be utilized for obtaining the documents. The response of the court was the dismissal of his case.

These developments, it seems to me, represent a departure from the traditional theory and purpose of discovery. That discovery procedures should result in the dismissal of the case of a litigant who is unwilling to pay for documents which he neither has nor could reasonably be expected to have is to take an otherwise helpful adjunct in aid of litigation and make it an end unto itself. Lest the tail wag the dog, discovery should not be so used. I believe the original order to

have been inappropriate and the imposition of the sanction chosen to enforce it to have been an abuse of discretion.

I would reverse.