OPINION
{¶ 1} Plaintiff-appellant, Theodore C. Sloan, Jr., appeals from a judgment of the Ohio Court of Claims in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). Because the record demonstrates prejudicial error in the trial court's discovery order, we reverse.
 {¶ 2} On August 11, 1994, plaintiff filed a complaint against ODRC alleging (1) personal injury or property damage as a result of a disturbance at the Southern Ohio Correctional Facility, and (2) tuberculosis infection as a result of ODRC's negligently and recklessly transferring infected inmates into the place of plaintiff's incarceration. On September 15, 1994, the trial court stayed the action due to a connected case pending in federal district court.
 {¶ 3} While the action was stayed, plaintiff filed a motion for leave to file an amended complaint, seeking to preserve for resolution in the Court of Claims those matters not disposed of in the federal court action. Plaintiff also filed a motion to sever the first two claims of his complaint that related to his allegations of personal injury or property damage as a result of the disturbance at Southern Ohio Correctional Facility, allowing him to proceed solely on his claim that he contracted tuberculosis as a result of ODRC's negligence and recklessness.
 {¶ 4} By "Entry of Dismissal" filed on February 14, 2001, the trial court (1) vacated the September 15, 1994 stay, (2) deemed plaintiff's motion for severance to be a notice of voluntary dismissal of his claims related to the disturbance at Southern Ohio Correctional Facility, rendering moot his motion to sever, (3) determined plaintiff's motion regarding the amended complaint was moot, and (4) dismissed plaintiff's action alleging tuberculosis infection on the basis of the statute of limitations, pursuant to ODRC's October 13, 1994 motion to dismiss.
 {¶ 5} Plaintiff appealed, and, in a memorandum decision issued September 4, 2001, this court reversed the judgment of the Court of Claims and remanded for further proceedings. Sloan v. Ohio Dept. of Rehab. and Corr. (Sept. 4, 2001), Franklin App. No. 01AP-295. In the meantime, ODRC had filed a motion to dismiss based on the settlement of the federal district court action. Plaintiff responded on September 28, 2001, with a "motion for entering into the record all interrogatories submitted to defendant"; the same day he filed a copy of the interrogatories submitted to ODRC. On November 15, 2001, the trial court overruled ODRC's motion for summary judgment and plaintiff's motion regarding the interrogatories.
 {¶ 6} On November 29, 2001, plaintiff filed a motion to compel discovery, contending ODRC had failed to respond to his interrogatories served on September 28; he also filed a motion on December 17, seeking to postpone the scheduled July 17, 2002 trial date. ODRC did not respond to either motion. The trial court, on December 28, 2001, granted plaintiff's motion to compel discovery and ordered ODRC to respond within 28 days; the court overruled plaintiff's motion to postpone the trial.
 {¶ 7} On April 1, 2002, plaintiff filed a "motion for sanctions and default judgment." Plaintiff contended ODRC's failure to comply with the trial court's order to answer plaintiff's interrogatories warranted a sanction, and plaintiff requested default judgment. Although ODRC did not respond to the motion for sanctions, the trial court nonetheless overruled it. Plaintiff filed a motion for reconsideration on May 13, 2002; ODRC did not respond. Not convinced of error in its prior ruling, the trial court overruled plaintiff's motion on June 5, 2002.
 {¶ 8} On June 21, 2002, the trial court held a pretrial, through its magistrate, with the parties. According to the entry memorializing the pretrial conference, ODRC at the conference stated it would forward discovery responses to plaintiff at the correct address "forthwith." The magistrate further noted that, as a result of the conference, "another pretrial conference is scheduled for June 28, 2002, at 11:00 a.m., to discuss any outstanding issues. The parties are otherwise prepared for trial as scheduled to commence on July 17, 2002." (Emphasis sic.) (Magistrate's Entry, June 21, 2002.) On June 28, 2002, the court, through its magistrate, conducted a pretrial conference with the parties. According to the magistrate's entry, as a result of the conference "the court learned that the parties are prepared for trial as scheduled to commence on July 17, 2002."
 {¶ 9} The issue of liability was tried to the court's magistrate at the Ross Correctional Institution on July 17, 2002. According to the magistrate's decision, "[a]t the close of the plaintiff's case, defendant moved for dismissal of plaintiff's case pursuant to Civ.R. 41(B)(2). After construing the evidence most strongly in favor of plaintiff, the court found that plaintiff failed to produce sufficient evidence to support his claim and that upon the facts and the law plaintiff had shown no right to relief. Accordingly, the court granted defendant's motion. * * * Judgment is hereby recommended in favor of defendant pursuant to Civ.R. 41(B)(2)." On August 27, 2002, the trial court filed a judgment entry noting plaintiff had not filed objections to the magistrate's decision, and it adopted the magistrate's decision and recommendation as its own. Accordingly, the court entered judgment in favor of ODRC, assessing costs to plaintiff. Plaintiff appeals, assigning four errors:
 {¶ 10} "1 — The trial court erred by not sanctioning defendant for not complying with trial court's order to compel.
 {¶ 11} "2 — The trial court erred by overruling plaintiff's motion for sanctions and default judgment.
 {¶ 12} "3 — The trial court erred by not granting plaintiff's motion to strike discovery.
 {¶ 13} "4 — The trial court established bias against the plaintiff through cumulative decisions to allow defendant's non-compliance."
 {¶ 14} Plaintiff's first and second assignments of error are interrelated, and we address them jointly. Together they assert the trial court erred in failing to impose sanctions on ODRC for failure to comply with plaintiff's interrogatory requests as mandated through the court's December 28, 2001 entry.
 {¶ 15} Pursuant to Civ.R. 37, the trial court has the authority to make "just" orders in response to a party's violation of the discovery rules or court orders. Laubscher v. Branthoover (1991), 68 Ohio App.3d 375, jurisdictional motion overruled (1993), 66 Ohio St.3d 1489. Appellate review of a trial court's decision in pretrial discovery disputes is limited to determining whether the trial court abused its discretion. Anderson v. A.C. S., Inc. (1992), 83 Ohio App.3d 581. Even if the trial court erred in failing to compel compliance with the order to respond to plaintiff's interrogatories, plaintiff must show prejudice. See Ruvolo v. Homovich, 149 Ohio App.3d 701, 704, 2002-Ohio-5852.
 {¶ 16} Here, plaintiff was forced to file a motion to compel ODRC to respond to plaintiff's interrogatories; ODRC did not respond to the motion. When ODRC further failed to comply with the trial court's order to provide answers to the interrogatories, plaintiff was forced to file a motion for sanctions; ODRC did not respond. Despite ODRC's failure to respond to either motion or to set forth any basis for its failure to forward the mandated answers, the trial court overruled plaintiff's motion. The trial court offered no explanation for its decision, and we can ascertain none from this record. Although we recognize the broad discretion the trial court has in handling pretrial discovery matters, this record suggests no basis for the trial court's overruling in its entirety plaintiff's motions for sanctions. Even if the trial court believed default judgment was a sanction too severe to be applied on these facts, some sanction nonetheless appeared necessary to force ODRC's compliance with the court's order compelling answers to interrogatories. Because the trial court did not impose a sanction, ODRC continued to fail to respond until after the first pretrial in June 2002.
 {¶ 17} The trial court's refusal to force ODRC to comply with plaintiff's discovery requests, and ODRC's continued failure to respond, prejudiced plaintiff. Plaintiff's interrogatories were directed to the issues raised in his claim for relief. Indeed, the record does not indicate ODRC ever suggested the interrogatories were inappropriate, but instead, when pressed at the June 14, 2002 pretrial, ODRC stated it would forward responses to plaintiff at his correct address "forthwith." Even if ODRC did so, plaintiff had responses to his interrogatories hardly more than one month before trial, causing even a party with legal counsel some difficulty in adequately preparing for a trial.
 {¶ 18} We note the entry regarding the June 28 pretrial conference indicates "the court learned that the parties are prepared for trial as scheduled to commence on July 17, 2002." (Emphasis sic.) (Magistrate's Entry, July 12, 2002.) While the notation of the parties' readiness for trial may suggest no prejudice to plaintiff in the absence of plaintiff's objection to the entry, the Magistrate's Entry regarding the June 28 pretrial was not filed until July 12. Because the record indicates the entry was mailed to plaintiff the day it was filed, we question whether plaintiff ever saw it before the trial began, much less had time to object. Under these circumstances, we are compelled to conclude that ODRC's tardiness in responding to plaintiff's interrogatories and the trial court's failure to compel a more timely response from ODRC prejudiced plaintiff in his efforts to prepare for trial.
 {¶ 19} While ODRC suggests in its brief to this court that its failure to provide responses was due to its inability to locate plaintiff who had been moved from one facility within the corrections department to another, nothing in the record substantiates that contention. Moreover, ODRC's brief on appeal indicates plaintiff was offered additional time to review ODRC's answers to interrogatories, but declined. Again, the circumstances ODRC suggests in its brief are not reflected in the record, and we decline ODRC's invitation to determine plaintiff's first two assignments of error on a basis outside the record. On this record, plaintiff has shown sufficient prejudice from the trial court's error to warrant reversal. Plaintiff's first and second assignments of error are sustained, rendering moot his fourth assignment of error.
 {¶ 20} Plaintiff's third assignment of error asserts the trial court erred in overruling his motion to strike discovery. The record contains no motion to strike discovery. Although plaintiff's brief indicates he so moved at commencement of trial, the record contains no transcript of the trial proceedings. Accordingly, we have no basis to determine (1) that plaintiff filed a motion to strike discovery, or (2) the court's reasons for overruling it. Under those circumstances, we are left with no option but to overrule plaintiff's third assignment of error.
 {¶ 21} Having overruled plaintiff's third assignment of error, but having sustained his first and second assignments of error, rendering moot his fourth assignment of error, we reverse the judgment of the Court of Claims and remand for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
BOWMAN and TYACK, JJ., concur.