**AYDIN COMPANY EXCHANGE, INC., Appellant,**

v.

**MARTING REALTY et al., Appellees.**

[Cite as *Aydin Co. Exchange, Inc. v. Marting Realty* (1997), 118 Ohio App.3d 274.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 17852.

Decided Feb. 19, 1997.

276

*Donald E. George*, for appellant.

*Irving B. Sugerman*, for appellee, Marting Realty.

*Thomas F. Haskins*, for appellee, Ameron, Inc.

*George J. Conklin*, for appellee, Western Relocation Management Company, Inc.

*R. Scott Haley*, for appellee, Chicago Title.

REECE, Judge.

Appellant, Aydin Company Exchange, Inc. ("Aydin"), appeals the order of the Summit County Court of Common Pleas dismissing the appellant's complaint, with prejudice, as a sanction for failing to comply with the court's discovery schedule. We affirm.

I

On April 20, 1995, Aydin filed a complaint against Marting Realty in the Summit County Court of Common Pleas for "breach of escrow/defalcation [and] breach of trust." Aydin also requested an accounting of the funds placed in escrow with Marting, and claimed over $500,000 in damages. Marting then filed a third-party complaint against Western Relocation Management Company, Inc. and Ameron, Inc., alleging both parties were ultimately liable for "all sums that may be adjudged against Defendant Marting Realty, Inc. in favor of Plaintiff[.]"

On September 22, 1995, the magistrate issued a pretrial order stating trial was set for January 22, 1996, and discovery should be completed by December 24, 1995. Western filed its answer, cross-claim against Ameron, and claim against Aydin for breach of contract on October 30, 1995. Thereafter, on December 4, 1995 the magistrate journalized the results of the November 30, 1995 status conference. The magistrate continued the trial to April 29, 1996, continued the discovery cutoff date to March 31, 1996, and ordered the original January 22, 1996 trial date to be used for the next status conference. Additionally, the magistrate ordered "[p]laintiff's principal * * * to be available to be deposed January 22, 1996 at 9:00 a.m. at the offices of [Marting's counsel]."

On January 4, 1996, Marting filed its notice of the taking of Metin Aydin's deposition on January 22, 1996, he being the principal of Aydin. Six days later, on January 10, 1996, Aydin moved to continue discovery cutoff and trial "for a period of at least 120 days[.]" Aydin's motion stated that "Metin Aydin, principal of Plaintiff has been called to the Country of Turkey regarding business dealings with government officials[.]" Further, Aydin claimed that Metin Aydin was leaving the country the next day and was not scheduled to return "before March 5, 1996[.]" This motion contained neither details of Metin Aydin's sudden departure and inability to return for his deposition nor any type of sworn statement by Metin Aydin.

On January 17, 1996, the magistrate denied Aydin's motion to continue both discovery and trial. Determining that Metin Aydin's claim of unavailability only one day prior to his departure, "without any affidavit or other showing that he must be out of the country, [was] totally insufficient to justify" the motion to continue, the magistrate ordered Metin Aydin to attend his deposition on January 22, 1996 or be subject to sanctions, including dismissal of Aydin's claims with prejudice. Metin Aydin failed to attend the January 22, 1996 deposition. On that same day, Aydin filed objections to the magistrate's January 17, 1996 order denying Aydin's motion for a continuance.

Thereafter, the various defendants in the present action moved for sanctions against Aydin. By order dated January 31, 1996, the court set a hearing for

February 15, 1996, before the magistrate, on the defendants' motions for sanctions. The court explained that it would "hold Plaintiff's objections in abeyance pending the magistrate's reporting of his written decision to the Court." On February 15, 1996, the magistrate heard the matter of sanctions. Metin Aydin did not appear at this hearing.

On February 26, 1996, the magistrate recommended dismissal of Aydin's claims with prejudice and at Aydin's cost. Further, the magistrate recommended that all other claims proceed to trial on April 29, 1996. Aydin objected to the magistrate's decision on March 5, 1996. On April 23, 1996, the trial court overruled Aydin's objections and adopted the magistrate's February 26, 1996 decision. This appeal followed.[1]

## II

Aydin presents two assignments of error for our review: (1) the trial court abused its discretion in denying Aydin's January 10, 1996 motion for a continuance of Metin Aydin's deposition, and (2) the trial court abused its discretion in dismissing Aydin's complaint with prejudice as a sanction for Metin Aydin's failure to attend the January 22, 1996 deposition. Because both claims of error are based upon the same underlying facts and circumstances, and both require similar legal analysis, we shall address them together.

The trial court is afforded wide latitude when deciding to grant or deny a continuance. *Hartt v. Munobe* (1993), 67 Ohio St.3d 3, 9, 615 N.E.2d 617, 622–623. For this reason, an appellate court must not reverse the denial of a continuance absent an abuse of the court's broad discretion. *State v. Unger* (1981), 67 Ohio St.2d 65, 67, 21 O.O.3d 41, 43, 423 N.E.2d 1078, 1080. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1252, citing *Steiner v. Custer* (1940), 137 Ohio St. 448, 451, 19 O.O. 148, 149, 31 N.E.2d 855, 856–857. In order for a reviewing court to determine that a trial court has abused its discretion, the decision must be "so palpably and grossly violative of fact and logic that it evidences * * * perversity of will." *Huffman* at 87, 19 OBR at 127, 482 N.E.2d at 1252, citing *State v. Jenkins* (1984), 15 Ohio St.3d 164, 222, 15 OBR 311, 360–361, 473 N.E.2d 264, 313–314.

A party does not have the right to unreasonably delay a trial, and any continuance based upon a party's absence or unavailability "must be based on

---

1. The defendant-appellees dismissed their remaining claims without prejudice on July 19, 1996.

unavoidable, not voluntary, absence." *Hartt*, 67 Ohio St.3d at 9, 615 N.E.2d at 622, citing *State ex rel. Buck v. McCabe* (1942), 140 Ohio St. 535, 24 O.O. 552, 45 N.E.2d 763, paragraph two of the syllabus. Additionally, the party requesting the continuance must show his availability at "some reasonable future time." See *id.* at 538, 24 O.O. at 553, 45 N.E.2d at 766. As previously stated by this court:

"[W]e do not believe that it is necessary that a court give reasons for refusing a continuance. It is incumbent, however, upon a trial court to control its docket for the benefit of all parties. So long as discretion is not abused, the court's judgment must be upheld." *Seybold Mgt. v. Unigroup, Inc.* (Oct. 25, 1978), Lorain App. No. 2722, unreported, at 5.

In the present case, the magistrate did in fact explain his reasons for denying Aydin's continuance; those reasons do not indicate an abuse of discretion.

In moving for a continuance due to Metin Aydin's unavailability, Aydin gave no *unavoidable* reason for Metin Aydin's absence. While the motion claimed that Metin Aydin was in Turkey on business, Aydin presented no evidence showing that the trip to Turkey was anything other than a voluntary decision by Metin Aydin to give his business in Turkey priority over the instant litigation. Additionally, Aydin's motion was unsupported by an affidavit from Metin Aydin explaining the detailed circumstances of his unavailability. Finally, even at the time of the February 15, 1996 hearing, Aydin's counsel admitted having had no contact with Metin Aydin since his departure. Counsel had no more than an estimate of Metin Aydin's date of return to continue prosecution of the lawsuit he began.

Based upon the foregoing, including the generally vague nature of Aydin's motion, we cannot hold that the magistrate abused his discretion in determining that Metin Aydin was voluntarily unavailable. Denial of Aydin's motion was neither unreasonable, arbitrary nor unconscionable.

This court must also adhere to an abuse-of-discretion standard in reviewing sanctions imposed by the trial court. "When a party has failed to abide by the discovery rules, a sanction imposed by the trial court under Civ.R. 37 is within the discretion of the trial court and generally will not be reversed on appeal unless it affirmatively appears from the record that the court abused its discretion and that the sanction was not just." *Shoreway Circle, Inc. v. Gerald Skoch Co., L.P.A.* (1994), 92 Ohio App.3d 823, 832, 637 N.E.2d 355, 360. Where the record does not indicate that failure to comply with discovery was due to involuntary inability, such as illness, rather than willfulness, bad faith or any other fault of the noncomplying party, a trial court does not abuse its discretion by dismissing the action pursuant to Civ.R. 37(B)(2)(c). *Id.*

Additionally, Civ.R. 41 provides that the trial court may dismiss an action or claim with prejudice for failure to prosecute, or to comply with the Civil Rules or any other court order. Civ.R. 41(B)(1). Dismissal of the action, whether pursuant to Civ.R. 37 or 41, is proper only after notice to the plaintiff's counsel. *Anderson v. A.C. & S., Inc.* (1992), 83 Ohio App.3d 581, 587, 615 N.E.2d 346, 349–350, quoting *Ohio Furniture Co. v. Mindala* (1986), 22 Ohio St.3d 99, 101, 22 OBR 133, 134–135, 488 N.E.2d 881, 882–883. While dismissal with prejudice is the harshest of sanctions, "[w]e will not disturb the judgment of the trial court unless the 'degree of the sanction is disproportionate to the seriousness of the infraction under the facts of the case.'" *Anderson, supra,* at 586, 615 N.E.2d at 349.

In reviewing the appropriateness of the trial court's sanction of dismissal, this court will not substitute its judgment for that of the trial court. Rather, this court will only concern itself with determining whether the trial court "examined the right things[.]" *Russo v. Goodyear Tire & Rubber Co.* (1987), 36 Ohio App.3d 175, 179, 521 N.E.2d 1116, 1120. In making its ruling, the trial court should consider "the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate." *Id.* at 178, 521 N.E.2d at 1120.

As discussed previously, the facts in this case do not require a determination that Metin Aydin was involuntarily, and in good faith, prevented from attending the deposition scheduled some six or seven weeks in advance. Aydin filed its motion to continue discovery only one day prior to Metin Aydin's departure. Aydin gave no explanation as to why Metin Aydin could not postpone his trip to Turkey until after his deposition, or why he could not return for his deposition. Review of the record reflects no valid reason for Metin Aydin's failure to attend the January 22, 1996 deposition. Apparently, Metin Aydin simply decided to place his priorities elsewhere.

In denying Aydin's motion for a continuance, the magistrate clearly stated that Metin Aydin's failure to appear at the deposition would be grounds for dismissal with prejudice, thereby putting Aydin on notice. Furthermore, Metin Aydin did not attend the hearing on the motions for sanctions held almost one month after both the magistrate's order denying Aydin's motion for a continuance and the originally scheduled date of deposition. Aydin's counsel was unable to provide any justification or explanation beyond the fact that Metin Aydin was out of the country on important business and therefore could not attend the January 22, 1996 deposition or the February 15, 1996 hearing.

Based upon the circumstances of this case, we conclude that the trial court did not act arbitrarily, unreasonably or unconscionably in determining that Metin Aydin's failure to attend his deposition was willful and in bad faith. Adopting the magistrate's recommendation to dismiss Aydin's complaint with prejudice was not an abuse of discretion.

Accordingly, Aydin's two assignments of error are overruled.

## III

Both assignments of error presented by Aydin are overruled. The judgment of the Summit County Court of Common Pleas dismissing Aydin's complaint with prejudice is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., concurs.

BAIRD, J., dissents.

BAIRD, Judge, dissenting.

In the belief that the requirements of Civ.R. 41 as to notice were not met, and in the further belief that the harshness of the remedy so far exceeds the gravity of the transgression as to constitute an abuse of discretion, I would sustain the second assignment of error.