DECISION
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Theresa Owca has appealed from an order of the Medina County Common Pleas Court that approved and confirmed the sale of real property pursuant to a foreclosure action filed against her by plaintiff Federal Home Loan Mortgage Corporation. This Court affirms.
 I.
On January 10, 1996, Federal Home Loan Mortgage Corporation (Federal) filed a foreclosure action against Chester and Theresa Owca. Neither party answered or otherwise responded to the complaint. On April 4, 1996, the trial court granted default judgment in favor of Federal.
The trial court ordered the Medina County Sheriff to have the real property sold at a public auction. The real property was set to be sold on June 7, 1996; however, on June 4, 1996, the sale was stayed pending the disposition of Ms. Owca's bankruptcy action. Apparently, after the stay had been lifted, the trial court again ordered the Sheriff to sell the real property. The Sheriff arranged for the real property to be sold at a public auction on August 22, 1997.
On August 8, 1997, Ms. Owca moved the court, pro se, for an extension of time on the sheriff's sale. She requested the court to postpone the sheriff's sale for at least six weeks while she attempted to refinance the real property. Apparently, on September 17, 1997, the Sheriff returned and filed with the court the order of sale that had been issued to it on July 1, 1997. That document contained a notation that the sale was cancelled due to Ms. Owca's filing for bankruptcy again.
Finally, the Sheriff arranged for the real property to be sold at a public auction on May 22, 1998. On May 15, 1998, Ms. Owca again moved pro se for a six-week extension on the sale of the property. She claimed that the extension was necessary to enable her to secure a mortgage on the real property. The record does not contain a ruling with respect to her motion.
The real property was sold on May 22, 1998. On July 8, 1998, the trial court approved and confirmed the sale of the property and ordered the Sheriff to convey the property to the purchaser. On July 17, Ms. Owca moved the court to redeem her property. The record does not contain a ruling with respect to her motion. Ms. Owca has appealed from the trial court's order dated July 8, 1998. She has asserted one assignment of error.
 II.
Assignment of Error
 The trial court erred in confirming a Sheriff's Sale, when [Ms. Owca's] Motion to Move Sheriff's Sale Six Weeks Ahead and to Stay the Sheriff's Sale had not been ruled upon.
In her sole assignment of error, Ms Owca has argued that the trial court had a duty to consider her motion to postpone the sheriff's sale. She has asserted that because the trial court did not hold a hearing or enter a judgment denying her motion this Court must assume that the court did not consider her motion. Accordingly, she has concluded that the trial court's failure to consider her motion constituted an abuse of discretion.
Pursuant to Loc.R. 6.03 of the Court of Common Pleas of Medina County, General Division, unless a party requests oral argument on a motion, the matter is submitted on the briefs. In order to request oral argument on a motion, the party is required to place the words "Oral Argument Requested" in the upper right hand portion of the first page. Loc.R. 6.04 of the Court of Common Pleas of Medina County, General Division. In this case, Ms. Owca did not request a hearing on her motion, therefore, the matter was deemed submitted on the briefs.
The fact that a court fails to expressly rule on a motion does not constitute an abuse of discretion. As a general rule, when a court enters judgment without expressly ruling on a pending motion, the motion is deemed to be implicitly overruled. Maust v.Palmer (1994), 94 Ohio App.3d 764, 769, citing Solon v. SolonBaptist Temple, Inc. (1982), 8 Ohio App.3d 347. Ms. Owca has failed to point this Court to evidence that the trial court did not, in fact, consider her motion. Accordingly, this Court cannot conclude that the trial court failed to consider her motion because the court implicitly overruled her motion.
When determining whether to grant or deny a continuance, the trial court is afforded wide latitude. Aydin Co. Exchange,Inc. v. Marting Realty (1997), 118 Ohio App.3d 274, 278, citingHartt v. Munobe (1993), 67 Ohio St.3d 3, 9. An appellate court, therefore, cannot reverse the denial of a continuance absent an abuse of discretion. Aydin, 118 Ohio App.3d at 278, citing Statev. Unger (1981), 67 Ohio St.2d 65, 67. To constitute an abuse of discretion, a trial court's action must have been arbitrary, unreasonable, or unconscionable. See State ex rel. The V Cos. v.Marshall (1998), 81 Ohio St.3d 467, 469. Considering the fact that the sale of the property had already been delayed for nearly two years, this Court cannot conclude that the trial court abused its discretion in failing to delay the matter any longer. Ms. Owca's assignment of error is without merit.
 III.
Ms. Owca's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BETH WHITMORE
FOR THE COURT SLABY, P.J.
BATCHELDER, J.
CONCUR