DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Robert M. Datchuk has appealed from an order of the Summit County Common Pleas Court that entered a default judgment against him and dismissed his compulsory counterclaims with prejudice as a sanction for his refusal to provide discovery. This Court affirms.
 I.
On March 12, 1999, Appellees Morgan Adhesives Co., Inc, and its parent company, Bemis Company, Inc. filed a complaint against Appellant, alleging fraud and falsification. These claims arose from Appellant's employment with Appellees as Manager of Solutions, Coatings and Compounds. Appellant answered and submitted several counterclaims, including claims for handicap discrimination under state law, disability discrimination under federal law, and retaliation under both state and federal law.[1]
On May 3, 1999, Appellees filed notice of their intent to take Appellant's deposition on May 12, 1999. Pursuant to an agreement reached by each party's counsel, Appellant's deposition was later rescheduled for May 26, 1999. The day before Appellant was to appear, Appellees were informed that Appellant would not be available for deposition unless and until the trial court denied a motion to dismiss Appellant had not yet, but intended to file. On May 27, 1999, Appellees moved for sanctions pursuant to Civ.R. 37(D), claiming that Appellant's willful failure to attend the rescheduled deposition warranted the entry of a default judgment under Civ.R. 37(B)(2)(a), (b) and (c).
Meanwhile, in a sister case filed previously by Appellant, which also arose from his employment with Appellees, the trial court was reviewing a motion for sanctions pursuant to R.C. 2323.51. On June 4, 1999, the trial court conducted a hearing and propounded questions to Appellant. Despite several warnings from the bench as to the consequences of the failure to answer, Appellant sat silent in the face of the trial court's questions.
On September 22, 1999, Appellees submitted a supplemental brief to their motion for default judgment in the instant case, citing Appellant's failure to respond to the trial court's questions on June 4, 1999. In response, Appellant filed a brief in opposition to Appellees' motion and moved the trial court to dismiss Appellees' complaint.
On November 30, 1999, the trial court denied Appellant's motion to dismiss, and on December 9, 1999, granted Appellees' motion for sanctions, entered a default judgment in their favor and dismissed Appellant's counterclaims with prejudice. Appellant timely appealed, asserting two assignments of error.
 II.
First Assignment of Error
 The trial court lacked jurisdiction to dismiss with prejudice the claims of [Appellant] and to later bar his refiling of those claims.
 For his first assignment of error, Appellant has challenged the very dismissal of his counterclaims by the trial court. In essence, he has argued that the trial court did not have the power to dismiss his claims in this case or the sister case he previously dismissed, thereby barring any further action in either matter. In turn, Appellees have suggested that the dismissal of the counterclaims with prejudice, pursuant to Civ.R. 37(B)(2)(c) and (D), was within the trial court's authority.
Civ.R. 37(D) provides, in pertinent part:
 If a party * * * fails * * * to appear before the officer who is to take his deposition, after being served with a proper notice,* * * the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections * * * (c) of subdivision (B)(2) of this rule.
Civ.R. 37(B)(2) provides, in pertinent part:
 If any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
* * *
 (c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]
 By their language alone, Civ.R. 37(B)(2)(c) and (D) allow a trial court to dismiss a party's counterclaim with prejudice. See, e.g., Hinton v. Rickenbacker
(Sept. 11, 1996), Summit App. No. 17830, unreported. Appellant's claim to the contrary is without merit.
Appellant's argument that the trial court erred by referring to the claims raised in the previous case is also unwarranted. Not only do the counterclaims Appellant pled in this case arise from the same set of facts alleged in the sister case he brought, they were compulsory. Civ.R. 13(A) provides, in part:
 A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
 The Ohio Supreme Court has observed that it makes no difference to the application of Civ.R. 13(A) that the present claim was originally filed as a complaint in the previous action and later dismissed without prejudice. Rettig Enterprises, Inc. v. Koehler
(1994), 68 Ohio St.3d 274, 277. "Civ.R. 13(A) requires all existing claims between opposing parties that arise out of the same transaction or occurrence to be litigated in a single lawsuit, regardless of which party initiates the lawsuit." Id. at 278. Therefore, because Appellant's claims in the previous, sister case all arose out of his employment with Appellees and must have been pled pursuant to Civ.R. 13(A) and, as determined supra, the trial court had the authority to bar any further action relating to Appellant's employment with Appellees, this Court concludes that the trial court acted within its power by barring Appellant from asserting any claims stemming from his tenure with Appellees. Appellant's first assignment of error is overruled.
Second Assignment of Error
 The trial court abused its discretion to dismiss (sic) with prejudice the claims of [Appellant] and to bar his refiling of those claims.
 For his second assignment of error, Appellant has argued that the trial court abused its discretion by entering a default judgment in Appellees' favor and by dismissing his counterclaims with prejudice pursuant to Civ.R. 37(B)(2)(c) and (D). Specifically, Appellant has claimed that he was justified in his actions because he feared that public disclosure of the information sought might subject him and his family to harm. In response, Appellees first pointed out that Appellant failed to directly address in his brief his refusal to even attend the May 26, 1999 deposition. They further argued that his discovery violations effectively obstructed their right to discover unprivileged information relevant to their claims and defense. Finally, Appellees have implied that the purported reasons for his refusal to answer the trial court's questions are not supported by any evidence in the record.
"When a party has failed to abide by the discovery rules, a sanction imposed by the trial court under Civ.R. 37 is within the discretion of the trial court and generally will not be reversed on appeal unless it affirmatively appears from the record that the court abused its discretion and that the sanction was not just." Aydin Co. Exchange Inc.v. Marting Realty (1997), 118 Ohio App.3d 274, 279, quoting ShorewayCircle, Inc. v. Gerald Skoch Co., L.P.A. (1994), 92 Ohio App.3d 823,832. "Where the record does not indicate failure to comply with discovery was due to involuntary inability, such as illness, rather than willfulness, bad faith or any other fault of the noncomplying party, a trial court does not abuse its discretion by dismissing the action pursuant to Civ.R. 37(B)(2)(c)." Id.
While dismissal with prejudice is the harshest of sanctions, this Court will not disturb the judgment of the trial court unless the "degree of the sanction is disproportionate to the seriousness of the infraction under the facts of the case." Aydin Co. Exchange Inc.,118 Ohio App.3d at 280, quoting Anderson v. A.C.S., Inc. (1992), 83 Ohio App.3d 581, 586. When reviewing the appropriateness of trial court's dismissal under these circumstances, this Court will not substitute its judgment for that of the trial court. Rather, the inquiry must focus on whether the trial court "examined the right things[.]" Id, quoting Russo v. Goodyear Tire Rubber Co. (1987), 36 Ohio App.3d 175, 179. When making its ruling, the trial court should consider: "the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate." Russo,36 Ohio App.3d at 178.
In the instant case, Appellant rescheduled a deposition and then telephoned Appellees the day before the new date to inform them of his intent not to attend. The stated reason for his unavailability, to wit: he would not attend a deposition until and unless the trial court denied a motion to dismiss he had not yet filed, demonstrates a total avoidance of his discovery responsibility and utter disregard for the judicial process. Dismissal is warranted under such circumstances and will withstand challenge on appeal. See, e.g., Bohl v. Vigh (Jan. 30, 1995), Clermont App. No. CA94-06-046, unreported, 1995 Ohio App. LEXIS 268, at *3-4.
Moreover, Appellant refused to answer questions propounded to him by the trial court. The procedural posture of this case, however, requires a closer examination. The forum in which Appellant refused to answer the trial court's questions was a R.C. 2323.51 hearing in a sister case. Nevertheless, as this Court observed in Russo, supra, the history of the case and all the facts surrounding noncompliance are relevant to the discussion. As such, Appellant's deliberate refusal to respond to the questions put to him from the trial court are germane in this appeal.
Appellant claimed that his silence was due to the danger he would place himself and his family if he was forced to respond. The record does not bear out his claim. In the end, Appellant has failed to provide an excuse from which one can conclude his inaction on May 26, 1999 and his silence on June 4, 1999 were anything other than willful. He disregarded Appellees' reasonable discovery requests and failed to respond to the trial court's direct orders. The trial court's entry of default judgment and dismissal of all counterclaims were neither arbitrary nor unreasonable. Appellant's second assignment of error is without merit.
 III.
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________ BETH WHITMORE
BATCHELDER, P. J., CARR, J., CONCUR.
[1] This Court would note that in another case filed in the trial court on January 24, 1997, Appellant sued Appellees for discrimination and wrongful discharge arising from his employment with them and subsequent termination. However, Appellant dismissed that action by submitting a notice of withdrawal pursuant to Civ.R. 41(A). Thereafter, Appellees submitted a pair of motions seeking sanctions pursuant to R.C. 2323.51. The trial court granted said motions on June 9, 1999, and Appellant timely appealed. This Court then ordered Appellant to show cause why the appeal should not be dismissed for lack of a final appealable order. The order also stated that if Appellant failed to respond, the matter would be dismissed. Because Appellant failed to submit a response, that appeal was discharged. See Datchuk v. Morgan Adhesives Co., Inc. (Aug. 24, 1999), Summit App. No. 19686, unreported.
Appellant nevertheless attempted to include the trial court's June 9, 1999 decision from the sister case for review in this appeal. After affording Appellant an opportunity to show cause as to why this Court should examine the June 9, 1999 decision, that portion of this appeal was dismissed by journal entry as untimely. Finally, this Court would add that the previous dismissal in C.A. 19686, the partial dismissal in this appeal or this decision intimate no opinion as to the propriety of the June 9, 1999 order entered by the trial court in the sister case.