OPINION
Appellant, Deborah McGowan, Administratrix of the Estate of Martha Anne Blackburn, appeals the decision of the Stark County Court of Common Pleas which dismissed her case for lack of prosecution.
The relevant facts of this case are that the original complaint was filed on September 29, 1995, and was dismissed under Civ.R. 41(A) on January 23, 1997.
On the same date of the dismissal, the case was refiled.
On April 25, 1997, a pre-trial order was issued setting April 20, 1998, as the trial date with August 1, 1997, as appellant's identification of expert deadline and other matters.
A stay order of December 19, 1997, under R.C. 3903.15, was issued by the Franklin County Common Pleas Court, resulting from P.I.E. insurance financial problems. Such order delayed further proceedings affecting all persons insured by such company, including at least some of the defendants herein.
Such stay, with extensions, continued through September 23, 1998.
On July 22, 1998, another pre-trial order established appellant's expert date as October 15, 1999, with the trial scheduled for March 13, 2000. The trial was then rescheduled for March 27, 2000, and subsequently changed to June 12, 2000, but no alteration of the appellant's expert date of October 15, 1999, occurred.
Appellant designated Dr. Imperiale as her expert on August 1, 1997.
On February 11, 2000, appellees Gastroenterology Associates, Inc. and Gerald Smith, M.D. filed their motion to dismiss for want of prosecution or for a protective order to prevent the trial testimony of appellant's expert, due to non-cooperation in establishing a deposition date and providing his curriculum vitae. Requests to appellant's counsel of August 6, 1997, September 30, 1997, October 9, 1997, November 17, 1997, December 2, 1997, and September 2, 1999, were referenced.
On March 15, 2000, the Court addressed such motion, apparently treating such as an order to compel discovery under Loc.R. 10.04, and ordered that the deposition of appellant's expert be taken within thirty (30) days, that his curriculum vitae be provided within two (2) weeks, and that any report be submitted to defense counsel at least one (1) week prior to the deposition fixed the parties.
On March 21, 2000, appellant's counsel issued a letter to defense counsel copying the Court to the effect that Dr. Imperiale's office left a phone message that the Doctor had insufficient time to be involved in the case. The Court apparently accepted information of this message as an attempt at compliance with Loc.R. 10.04.
No motion was filed with the Court for an extension of time beyond the thirty (30) days to seek another expert.
On April 14, 2000, appellees Steven Smith, M.D. and Family Medicine, Inc. filed a motion similar to the previously filed motion of February 11, 2000, but addressed the prevention of testimony by the new expert or dismissal for failure to prosecute. The record indicates a hearing was held May 22, 2000, but no record of this is available.
Appellee Hartville Family Practice also filed a similar motion on July 17, 2000, and appellee Gastroenterology Associates, Inc. refiled a motion similar to its February 11, 2000 motion, but also addressed the newly designated expert. On August 4, 2000, the Court sustained such motions and dismissed this cause without prejudice.
While the dismissal was without prejudice, since the decision was not on the merits, the practical effect terminated the case due to the prior Civ.R. 41(A) dismissal.
A motion to reconsider and vacate judgment was filed on August 18, 2000. This Court on October 5, 2000, remanded the issue to the trial court to rule on the reconsider motion. No ruling took place.
The Assignments of Error on this appeal by plaintiff-appellant are:
 I. THE TRIAL COURT IMPROPERLY DISMISSED APPELLANT'S CASE AS A DISCOVERY SANCTION WHERE APPELLANT'S EXPERT WITNESS REFUSED TO COMPLY WITH THE COURT'S DISCOVERY INSTRUCTIONS.
 II. THE TRIAL COURT IMPROPERLY DENIED APPELLANT'S MOTION TO RECONSIDER/VACATE ITS JUDGMENT ORDER DISMISSING APPELLANT'S CASE.
 I.
As to the first Assignment of Error, such is premised on an abuse of discretion asserting that the action of the trial Judge was excessively severe and improper as a discovery sanction.
The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionably, and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances of the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
Each of the pre-trial orders contain the following instructional warning:
 "Unexcused failure to timely provide discovery will result in the imposition of sanctions including, but not limited to, attorney fees and expenses.
 Failure of counsel to comply with this order may result in the imposition of sanctions, including dismissal under Civ.R. 41, default judgment under Civ.R. 45, or other sanctions permitted by Civ.R. 37, if the failure involves a discovery matter."
Appellant provided no basis for failing to arrange a deposition date of Dr. Imperiale and complying with her Civil Rule obligation by responding to the request of defense counsel. The only statement is that Dr. Imperiale refused to cooperate as an expert defense witness based upon the phone message reported to defense counsel and the Court on March 21, 2000.
No indication is given as to whether such doctor was provided previously with medical data or prior attempts at obtaining available deposition dates in response to defense counsel's inquiries.
Appellant was aware of the trial date, and the discovery cut-off date of October 15, 1999, and failed to indicate to the Court or opposing counsel any reason preventing cooperative compliance with discovery.
Only after the trial court on March 15, 2000, granted additional expert discovery time of thirty (30) days, instead of dismissing the cause or preventing appellant's expert testimony, did appellant act as to the contact with Dr. Imperiale.
The assertion of negligence on the part of Dr. Imperiale, as alleged in appellant's reply brief, resulting in punishment to appellant is misplaced.
Under Aydin Co. Exchange v. Marting Realty (1997), 118 Ohio App.3d 274, the court, as to the sanction of dismissal, must consider:
 The history of the case; all the facts and circumstances surrounding the non-compliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply, what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate.
Therefore, this Court disagrees with appellant's first Assignment of Error and determine under all of the circumstances in this cause, the trial court did not abuse its discretion in dismissal of this cause.
The first Assignment of Error is overruled.
 II.
As to the second Assignment of Error, the Court will presume the trial court denied the motion for reconsideration/relief from judgment.
As no motion for reconsideration exists under the Civil Rules, the Court was not required to address such. Pitts v. Department ofTransportation (1981), 67 Ohio St.2d 378. Appellant's alternate request for relief from judgment does not qualify under Civ.R. 60(B).
Therefore, the second Assignment of Error is not well taken.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.
Boggins, J. and Farmer, J. concur. Hoffman, P.J. dissents.