This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Christopher Jackson, appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that found him delinquent and sentenced him to the Ohio Department of Youth Services (ODYS). We affirm.
On September 5, 2000, Appellant was charged with two separate counts: (1) rape, in violation of R.C. 2907.02(A)(2); and (2) gross sexual imposition, in violation of R.C. 2907.05(A)(1). Following Appellant's admission to the rape charge, the magistrate dismissed the gross sexual imposition charge. The magistrate sentenced him accordingly. The trial court approved the magistrate's decision. Appellant timely appealed raising two assignments of error.
 ASSIGNMENT OF ERROR I The trial court committed reversible error when it failed to create a complete record in violation of Juv.R. 37(A). * * *
In his first assignment of error, Appellant avers that the trial court violated Juv.R. 37(A) by failing to record a particular proceeding before a magistrate. We disagree.
Juv.R. 37(A) states in pertinent part:
 The juvenile court shall make a record of adjudicatory and dispositional proceedings in * * * delinquent cases * * * and proceedings before magistrates.
(Emphasis added). Failure to record juvenile proceedings as mandated under Juv.R. 37(A) results in reversible error. See In re Collins
(1998), 127 Ohio App.3d 278, 280.
In this case, Appellant argues that compliance with Juv.R. 37(A) requires the court to record all adjudicatory and dispositional proceedings. The record indicates that the proceeding to which Appellant complains occurred in May 2001; however, this proceeding was neither adjudicatory nor dispositional. Specifically, the record illustrates that the hearing was originally scheduled as a dispositional proceeding, but it was continued at the behest of Appellant. Consequently, the provision requiring the court to make a record of adjudicatory and dispositional proceedings is inapplicable because the court did not conduct the proceeding.
Notwithstanding our determination that neither an adjudicatory nor a dispositional proceeding occurred, the court's failure to record the proceeding must be reconciled with the language "[t]he juvenile court shall make a record of * * * proceedings before magistrates." Appellant argues that at the May 2001 proceeding, the magistrate agreed to place Appellant in the Child Guidance Program ("CGP") following a second interview with a CGP representative. Appellant further argues that the magistrate reneged on this agreement by not placing Appellant into the CGP despite his participation in the interview.
The record indicates that prior to the second interview, CGP rejected Appellant from the program and the magistrate ordered the second interview to determine if Appellant now qualified. Following the interview, the CGP representative provided documentation that Appellant still had not been accepted into the program. Specifically, to gain admittance into CGP Appellant needed to accept responsibility for his actions; however, he maintained that the victim was the culprit. Although a record of the May 2001 hearing may support Appellant's recollection, we find that if the trial court failed to record the proceeding it resulted in harmless error, as Appellant did not meet the qualifications for admission. Hence, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court abused its discretion when it refused to continue [Appellant's] disposition hearing and/or when it accepted [Appellant's] admission in light of his continued assertion that the alleged sexual acts were consensual. * * *
In his second assignment of error, Appellant contends that the trial court erred by refusing to continue the disposition hearing and/or accepting Appellant's admission despite his assertion that the alleged sexual acts were consensual. Appellant's contentions lack merit. We will address, in turn, each of Appellant's contentions.
The trial court has broad discretion to grant or deny a continuance.Aydin Co. Exchange, Inc. v. Marting Realty (1997), 118 Ohio App.3d 274,278, citing Hartt v. Munobe (1993), 67 Ohio St.3d 3, 9. Therefore, absent an abuse of discretion, an appellate court will not reverse the denial of a continuance. Aydin, 118 Ohio App.3d at 278, citing State v.Unger (1981), 67 Ohio St.2d 65, 67. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In the case sub judice, Appellant moved to continue the dispositional hearing based on a variety of reasons, such as Appellant wished to have his pastor present. However, Appellant failed to object to the magistrate's ruling before the trial court. As a result, Appellant waived his right to appeal this matter. Asad v. Asad (1999), 131 Ohio App.3d 654,656.
Turning now to Appellant's contention that the trial court should not have accepted his admission, Juv.R. 29(D) states, in pertinent part:
 The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
In a delinquency case, "an admission is similar to a guilty plea made by an adult pursuant to Crim.R. 11(C), in that it constitutes `a waiver of rights to challenge the allegations [in the complaint].'" In reChristopher R. (1995), 101 Ohio App.3d 245, 247, citing State v. Penrod
(1989), 62 Ohio App.3d 720, 723. Crim.R. 11 and Juv.R. 29 require the court to make thorough inquiries to insure that the admission or guilty plea is entered voluntarily, intelligently, and knowingly. In re McKenzie
(1995), 102 Ohio App.3d 275, 277.
Before the court may accept a juvenile's admission, the court must personally address the juvenile and conduct an on-the-record discussion to ascertain whether the admission is voluntary and with an understanding of the nature of the allegations and the possible ramifications of the admission. Juv.R. 29(D)(1); McKenzie, 102 Ohio App.3d at 277. Further, the court must inform the juvenile of the rights he is waiving by entering the admission, such as the right to challenge the witnesses and evidence against him, to remain silent, and to introduce evidence at the adjudicatory hearing. Juv.R. 29(D)(2); In re Jenkins (1995),101 Ohio App.3d 177, 180.
Initially, we note that a comprehensive inquiry was conducted in compliance with Juv.R. 29(D). Specifically, the court questioned Appellant concerning his awareness of the charge against him, the possible penalties stemming from his admission, and the rights that he would be waiving by entering an admission. As such, the court did not err by accepting Appellant's admission. We further note that Appellant did not attempt to withdraw and/or vacate his prior admission to the offense. Courts have held that failure to request a withdrawal of an admission waives any error on appeal. See In re Nicholson (1999),132 Ohio App.3d 303, 307. Accordingly, Appellant's failure to request a withdrawal of his admission constitutes waiver of this issue. Appellant's second assignment of error is overruled.
Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.