**HORNACEK et al., Appellants,**

v.

**TRAVELERS INSURANCE COMPANY, Appellee.**

[Cite as *Hornacek v. Travelers Ins. Co.* (1991), 72 Ohio App.3d 31.]

Court of Appeals of Ohio,
Summit County.

No. 14738.

Decided Jan. 9, 1991.

George J. Emershaw, for appellants.
Billie J. Workman, for appellee.

QUILLIN, Presiding Judge.

Plaintiffs-appellants appeal from the trial court's judgment in favor of the defendant-appellee in a declaratory judgment action involving underinsured motorist coverage. We affirm.

Plaintiffs-appellants, Larry and Anita Hornacek, were married on November 1, 1985. On November 20, 1985, Anita was injured in an automobile accident while driving a 1985 Ford which Anita purchased prior to the marriage.

Anita filed a claim for her injuries with the tortfeasor's insurance company and was paid the limits of the tortfeasor's liability coverage. Anita then filed a claim with defendant-appellee, Travelers Insurance Company ("Travelers"), requesting coverage for her injuries under the uninsured (which by definition included underinsured) motorist coverage in the policy. Larry had purchased the policy prior to his marriage to Anita. At the time of the accident, the policy's declaration page did not list Anita as a named insured or the 1985 Ford as an insured vehicle. Travelers denied the claim asserting that Anita's injuries were not covered under the uninsured motorist provision of the policy.

The Hornaceks filed this action requesting a declaratory judgment as to whether Anita's injuries were covered under the Travelers uninsured motorist provision. The trial court found in favor of Travelers' denial of coverage. The Hornaceks now appeal.

### Assignments of Error

"I. The trial court erred by failing to properly consider appellant's testimony and supporting evidence stating Anita Hornacek's vehicle was an insured under plaintiff Larry Hornacek's insurance policy.

"II. The trial court abused its discretion by first asserting it could not address appellants' contention that appellant's insurance agent bound coverage on Anita Hornacek's vehicle then citing the agent's testimony as argument against appellants' contention the coverage was orally confirmed. The court failed to consider any of appellants' arguments addressing the issues of agency and/or respondeat superior.

"III. The trial court erred in holding that appellants' failure to include the insurance agent as a named defendant prohibited the court from considering any arguments by appellants as to the agent's involvement in binding appellee to providing and/or extending insurance coverage to Anita Hornacek's vehicle under Larry Hornacek's insurance policy.

"IV. The trial court erred by failing to consider the fact that at no time did either appellee or it's [*sic*] agent rebut appellant's testimony that he received oral confirmation of coverage.

"V. The trial court erred in rendering a decision that is inconsistent with existing case law or statutes."

The Travelers uninsured motorist policy provides in part:

"*We* will pay damages that the *insured* is legally entitled to recover from the owner or operator of an *uninsured motor vehicle* because of bodily injury suffered by the *insured* and caused by accident. * * *

" * * *

"*You* and a *relative* are *insureds*." (Emphasis *sic.*)

The policy defines "you" and "your" as:

" * * * the person named in Item 1 of the declarations page. They also mean that person's spouse if residing in the same household."

Therefore, Anita, as Larry's spouse, is an insured under the policy. However, the policy contains an exclusion which provides:

"This insurance does not cover bodily injury suffered in certain situations.

"1. It does not cover bodily injury suffered by the insured while *occupying* \* \* \* a *highway vehicle* which *you* or a *relative* owns but does not insure for uninsured motorists coverage under this policy." (Emphasis *sic.*)

The trial court found that the 1985 Ford was owned by an insured (Anita), but was not an insured vehicle under the uninsured motorist coverage because the 1985 Ford was not listed on the declarations page. As a result, the trial court ruled that Travelers properly denied coverage under the policy.

The policy defines "your car" as:

"*Your car* means any vehicle described on the declarations page of this policy with premium charge showing which coverages apply. \* \* \*

"*Your car* also means a vehicle of the following type of which you acquire ownership during the policy period provided *you* tell *us* about it within 30 days after *you* acquire it:

"(a) a four wheel private passenger car[.]" (Emphasis *sic.*)

 The Hornaceks contend that Larry "acquired ownership" of Anita's 1985 Ford upon their marriage, and the accident occurred within the thirty-day grace period for notifying Travelers of the newly acquired vehicle. Therefore, they contend, the 1985 Ford was an insured vehicle regardless of whether it was listed on the declarations page.

R.C. 3103.04 provides in part that:

"Neither husband nor wife has any interest in the property of the other \* \* \*."

Accordingly, Larry did not "acquire ownership" of the 1985 Ford, because he had no interest in property Anita purchased prior to the marriage.

The Hornaceks contend that R.C. 1302.42(B) is to be used to determine whether Larry "acquired ownership" of the 1985 Ford for insurance coverage purposes. However, R.C. 1302.42(B) is to be used to identify the owner of a vehicle when the vehicle is purchased. See *Smith v. Nationwide Mut. Ins. Co.* (1988), 37 Ohio St.3d 150, 524 N.E.2d 507. Larry did not purchase the 1985 Ford and R.C. 1302.42(B) is inapplicable.

The Hornaceks also assert that the trial court erred in failing to find that an agent for Travelers orally bound Travelers to provide coverage for Anita and the 1985 Ford under Larry's policy.

 The Hornaceks, however, have failed to provide a transcript of the proceedings or a statement of the evidence pursuant to App.R. 9(C). In absence of an adequate record, we must presume the regularity of proceedings in the trial court. *Frishe v. Rios* (Dec. 26, 1990), Summit App.No. 14708, unreported, 1990 WL 235951. The Hornaceks concede that if the trial court

did not believe the Hornaceks' testimony concerning the oral binder, we must affirm the trial court's judgment as a finding of fact within the trial court's province. Absent an adequate record, we must presume that the trial court properly considered all the evidence and chose not to believe the Hornaceks' testimony in concluding that an oral binder did not exist.

We hold that the trial court did not err in its determination that the Travelers uninsured motorist policy did not cover Anita's injuries. The assignments of error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and CACIOPPO, JJ., concur.