DECISION AND JOURNAL ENTRY
Daniel Ginley appeals from the judgment of the Lorain County Court of Common Pleas which convicted him on charges of abduction and assault. This court affirms.
 I.
On December 26, 1998, Daniel Ginley and his girlfriend Judith Salter went out on a date. At approximately 10 p.m., Ginley picked up Salter at her home, where she resided with her parents. Ginley drove Salter to the Lite Rock Café in North Ridgeville. As they pulled into the parking lot of the bar, Salter mentioned to Ginley that she knew a lot of people at the Lite Rock. Salter later testified that Ginley became very angry and forced her back into the car. In doing so, Ginley choked Salter and jammed her head into the door frame of the car. Salter claimed that she asked Ginley to take her home, but he continued driving, apparently intending to take Salter to his father's home in Westlake. At one point Ginley stopped at a red light and Salter tried to get out of the car. Ginley pulled Salter's hair and shoved her face against the dashboard. Ginley threatened to kill her if she tried to escape. Later Ginley stopped for gas, but he admonished Salter not to try to escape, or he would "knock every * * * tooth out of [her] * * * mouth." After Salter began crying and begging to go home, Ginley finally drove Salter home. Salter was so stunned that she got into her car that was parked in the driveway and she sat there until 2 a.m., when her mother discovered her. Salter's mother took pictures of Salter, showing injuries to her face and neck. The next morning, at the urging of her family, Salter went to the North Ridgeville police department and reported the attack.
Charges were filed against Ginley, and the grand jury returned an indictment against him for abduction in violation of R.C. 2905.02(A)(1) and (A)(2), aggravated menacing in violation of R.C. 2903.21(A), and assault in violation of R.C. 2903.13(A). The case proceeded to a jury trial. The state presented two witnesses, Salter and North Ridgeville police officer Richard Dietz, who interviewed Salter at the police station. Salter testified to the allegations outlined above. Officer Dietz testified that Salter was still bruised and crying when she came to the police station at noon on December 27, 1998. Officer Dietz also testified that after Ginley was arrested, Dietz read Ginley his Miranda rights. Shortly thereafter, Officer Dietz overheard Ginley saying to himself, "I really screwed up with that girl. I got drunk and made a mistake." The photographs of Salter taken shortly after the attack were admitted into evidence.
The jury acquitted Ginley of aggravated menacing, but convicted him of abduction and assault. The court sentenced Ginley to five years on the abduction charge and a concurrent six-month sentence on the assault charge. Ginley filed the instant appeal, assigning three errors.
 II.
ASSIGNMENT OF ERROR I:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO PRESERVE THE WRITTEN JURY INSTRUCTIONS AS PART OF THE RECORD FOR APPELLATE REVIEW.
Ginley asserts that the trial court erred when it failed to preserve as part of the record for review the written instructions submitted to the jury. Ginley argues that the trial court's failure to preserve the written jury instructions constitutes reversible error. See R.C.2945.10(G) (stating that the written jury instructions are `to remain on file with the papers of the case"); Columbus v.Marcum (1989), 65 Ohio App.3d 530, 534. In response, the state has argued that the written jury instructions remain as part of the record, but that Ginley did not order them when he filed his praecipe with the court reporter.
Our review of the praecipe filed with this appeal indicates that Ginley never directed the court reporter to transmit written jury instructions with the record. It is the duty of the appellant to transmit the trial court record to this court. App.R. 9(B). See, also, State v. Sierra (July 30, 1981), Cuyahoga App. Nos. 42827, 42829, 42951, unreported. Ginley failed to order the court reporter to transmit the written jury instructions to this court. In light of this failure, this court cannot determine whether the jury instructions were retained as part of the trial court record. Absent appellant's presentation of evidence to the contrary, this court is bound to presume the regularity of the trial court's proceedings. See Hornacek v. Travelers Ins. Co.
(1991), 72 Ohio App.3d 31, 34.
Ginley's first assignment of error is overruled.
 III.
ASSIGNMENT OF ERROR II:
 APPELLANT DANIEL GINLEY'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
A review of the weight of the evidence determines whether the state has met its burden of persuasion. State v. Angle (June 2, 1999), Medina App. No. 2875-M, unreported, at 7. When an appellate court reviews the weight of the evidence
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Martin (1983), 20 Ohio App.3d 172, 175. Only in the exceptional case, where the evidence presented weighs heavily in favor of the defendant, will the appellate court reverse and order a new trial. State v. Ali (Apr. 28, 1999), Summit App. No. 19119, unreported, at 9.
The state offered as evidence in this case the testimony of Salter and of Officer Dietz, and photographs of Salter taken by her mother and by the police within twelve hours of the alleged attack. The photographs showed bruises and marks on Salter's face, and red marks around her neck. These pictures supported Salter's version of the story that she was choked and her head was slammed against the car's door frame and dash board. At trial, defense counsel challenged Salter's credibility, especially questioning her failure to try to escape when Ginley stopped for gas. Salter replied that Ginley threatened to kill her if she tried to escape, as she had previously tried to do when the car was stopped at a red light.
To find Ginley guilty of assault, the jury would have to find that the state proved beyond a reasonable doubt that Ginley (1) knowingly (2) caused physical harm (3) to Salter. See R.C.2903.13(A). A person acts knowingly when "regardless of his purpose, * * * he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C.2901.22(B). Physical harm to a person means "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). The state offered Salter's testimony that Ginley pulled her hair, choked her, and slammed her head against the car door frame and dashboard. This evidence, if believed, supports every necessary element of the crime of assault.
To find Ginley guilty of abduction, the jury would have to find that the state proved beyond a reasonable doubt that Ginley (1) without privilege (2) knowingly (3) by force or threat (4) removed Salter from the place where she was found; and (5) by force or threat (6) restrained Salter's liberty and (7) placed Salter in fear. See R.C. 2905.02(A)(1) and (A)(2). The state offered Salter's testimony that Ginley forced her into his car, physically prevented her from leaving the car, and threatened to kill her if she tried to escape. Salter testified that all this occurred despite her repeated pleas to Ginley to take her home or allow her to go home. This evidence, if believed, supports every necessary element for the crime of abduction.
"While we must consider the credibility of witnesses, assessments of credibility are primarily for the trier of fact."State v. Riffle (1996), 110 Ohio App.3d 554, 559, citing State v.Loza (1994), 71 Ohio St.3d 61, 69. This court will not reverse the verdict of the jury unless we can conclude that the jury clearly lost its way in rendering a verdict. Martin,20 Ohio App.3d at 175. Reviewing the evidence before the jury, this court finds that the jury could reasonably have found Ginley guilty of assault and abduction. This court cannot say that the jury clearly lost its way when it found Ginley guilty of assault and abduction.
Ginley's second assignment of error is overruled.
 IV.
ASSIGNMENT OF ERROR III:
 THE PROSECUTION UNFAIRLY COMMENTED ON APPELLANT'S FIFTH AMENDMENT PROTECTIONS.
Ginley asserts that the prosecutor inappropriately commented on his failure to testify in his own defense in accordance with his privilege against self-incrimination, which is guaranteed by the Fifth Amendment to the Constitution of the United States. Ginley correctly observes that it is impermissible for the state to comment on a criminal defendant's failure to testify on his own behalf. See Statev. Ferguson (1983), 5 Ohio St.3d 160, 163.
The Ohio Supreme Court in Ferguson stated that "[a] reference by the prosecutor in closing argument to uncontradicted evidence is not a comment on the accused's failure to testify, where the comment is directed to the strength of the state's evidence and not to the silence of the accused, and the jury is instructed not to consider the accused's failure to testify for any purpose."Id. at paragraph one of the syllabus. As in the instant case, the defendant in Ferguson suggested that because he was the only person who could have offered an alternative account of the allegations, the prosecution's comment about "uncontested" evidence could only be construed as an impermissible inference as Cto the defendant's silence. Id. at 163. The Ohio Supreme Court disagreed. Id.
In the instant case, the prosecutor in closing argument said, "Based on all of the evidence which is before you, uncontradicted — " Defense counsel objected, but the court overruled the objection. The prosecutor continued, " — this gentleman is guilty. The evidence supports it." The trial court later instructed the jury, "It is not necessary that the Defendant take the witness stand in his own defense. He has a Constitutional right not to testify. The fact that the Defendant did not testify must not be considered by you for any purpose."
Defense counsel attacked Salter's credibility, and suggested that she was unstable and that she had "stalked" Ginley in the past. However, Ginley never offered any witnesses who would undercut Salter's credibility or would support defense counsel's theory that Salter had a motive to fabricate her allegations.
While the jury could have construed the "uncontradicted" comment to be directed to Ginley's failure to testify, this court cannot state that the comment was of such a nature that the jury would construe it to be a comment on Ginley's constitutionally protected silence. Furthermore, there is a presumption that the jury follows a trial court's instructions. Ferguson,5 Ohio St.3d at 163. Thus, any impermissible inference that the jury might have made was presumably corrected by the jury instructions on this point.
Ginley's third assignment of error is overruled.
 V.
Having overruled Ginley's assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
FOR THE COURT, BATCHELDER, P.J., WHITMORE, J., CONCUR.