This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made.
 DECISION AND JOURNAL ENTRY
Appellant, James Farina, appeals from the judgments in the Canton Municipal Court. We affirm in part and reverse in part.
On May 30, 2000, Appellee, Standard Plumbing and Heating Co., filed a complaint against Appellant asserting breach of contract, promissory estoppel, and fraud. On November 20, 2000, the trial court returned a judgment in favor of Appellee.
Appellee and Appellant both moved for sanctions. The trial court set December 7, 2000 to hear Appellee's motion. Subsequently, Appellant moved for a continuance due to a conflict in his attorney's schedule. The trial court denied Appellant's motion for a continuance. On December 13, 2000, the trial court granted Appellee's motion for sanctions and denied Appellant's motion for sanctions. Following the court's denial of Appellant's sanctions motion, he moved for a new trial. The trial court denied the motion. Appellant timely and separately appealed the court's judgment rendered in the contract suit and the court's denial of his motion for sanctions raising the following assignments of error, which have been rearranged for ease of review.
 ASSIGNMENT OF ERROR I — App. No. 2001 CA 00018 The trial court abused its discretion and erred as a matter of law when it denied Appellant's request for a continuance.
In his first assignment of error, Appellant avers that the trial court erred in denying his request for a continuance and therefore, the sanctions issued at the hearing should be reversed and remanded. We disagree.
The trial court has broad discretion to grant or deny a continuance.Aydin Co. Exchange, Inc. v. Marting Realty (1997), 118 Ohio App.3d 274,278, citing Hartt v. Munobe (1993), 67 Ohio St.3d 3, 9. Therefore, absent an abuse of discretion, an appellate court will not reverse the denial of a continuance. Aydin, 118 Ohio App.3d at 278, citing State v.Unger (1981), 67 Ohio St.2d 65, 67. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In the case sub judice, Appellant moved for a continuance of the sanctions hearing because a conflict arose as to the hearing date; specifically, Appellant's counsel was scheduled to commence a three day jury trial, which conflicted with the scheduled hearing. The trial court denied this motion. Thereafter, Appellant filed a notice with the trial court reiterating his counsel's inability to attend the hearing on the scheduled date. Appellee responded asserting that Appellant had two attorneys of record and only one had voiced his unavailability. Moreover, Appellee stated that Appellant's attorneys are members of a firm, which had additional attorneys available to attend the hearing. Appellant did not provide an explanation with respect to the availability of the aforementioned attorney. In light of these arguments, we cannot say that the trial court abused its discretion in denying Appellant's motion for a continuance. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II — app. NO. 2001 CA 00018 The trial court abused its discretion, erred as a matter of law and violated the due process rights of Morganstern, Macadams [and] DeVito, Co., L.P.A. and Laurel Stein who were not named in Appellee's motion for sanctions but nonetheless found to be liable by the court ex parte.
In his second assignment of error, Appellant asserts that the trial court's imposition of sanctions against Morganstern, Macadams and DeVito, Co., L.P.A., Appellant's attorneys' law firm, and Laurel Stein, Appellant's attorney of record, was improper because these parties were not named in Appellee's motion for sanctions. We find Appellant's assertion as to Morganstern, Macadams and DeVito, Co., L.P.A to have merit and his assertion as to Stein to be meritless.
The trial court maintains the discretion to impose sanctions pursuant to Civ.R. 11, and an appellate court will not disturb such a decision absent an abuse of discretion. State ex rel. Fant v. Sykes (1987),29 Ohio St.3d 65, 65. First, we will address the sanctions imposed against Morganstern, Macadams and DeVito, Co., L.P.A.
The United States Supreme Court, in Pavelic LeFlore v. MarvelEntertainment Group (1989), 493 U.S. 120, 107 L.Ed.2d 438, addressed the issue of imposing sanctions in accordance to Fed.R.Civ.P. 11 against the law firm of the signature attorney. Id. at 121, 107 L.Ed.2d at 441. The Court held that the rule's language only permits the trial court to impose sanctions against the attorney who signs the document, not the law firm. Id. at 127, 107 L.Ed.2d at 445. Civ.R. 11 and Fed.R.Civ.P. 11
contain similar language concerning the requirement that an attorney sign a motion in his individual capacity and the liability that follows. See Civ.R. 11 and Fed.R.Civ.P. 11. See, also, Riley v. Langer (1994),95 Ohio App.3d 151, 161-62. As such, Civ.R. 11 should be read to impose the same restriction as to the imposition of sanctions against a law firm. Riley, 95 Ohio App.3d at 163. For that reason, the trial court abused its discretion by imposing sanctions against Morganstern, Macadams and DeVito, Co., L.P.A.
We will now turn to Appellant's assertion concerning the imposition of sanctions against Stein. Civ.R. 11 states in pertinent part: "[e]very pleading * * * of a party represented by an attorney shall be signed by at least one attorney of record[.]"
Appellee's motion for sanctions sought relief from Appellant "and/or his counsel." The record indicates that Appellant has two attorneys of record: Christopher DeVito and Stein. Both DeVito and Stein's name and signature appear on Appellant's motions. The fact that DeVito and Stein's signature does not appear on every motion concurrently does not relieve Stein from liability. Therefore, we cannot state that the trial court abused its discretion by imposing sanctions against Stein. Accordingly, Appellant's assignment of error is sustained only in part as it pertains to Morganstern.
 ASSIGNMENT OF ERROR III — app. NO. 2001 CA 00018 The trial court abused its discretion, erred as a matter of law and violated Appellant's due process rights by dismissing Appellant's motion for sanctions at the hearing scheduled for Appellee's motion for sanctions without issuing notice to Appellant that the trial court intended to hear his motion at that hearing.
In his third assignment of error, Appellant argues that the trial court erred in failing to issue notice of a hearing before denying Appellant's motion for sanctions pursuant to R.C. 2323.51 and Civ.R. 11. Appellant's argument fails.
R.C. 2323.51(B)(2) provides in pertinent part:
 An award [of reasonable attorney's fees] may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action * * * , but only after the court does all of the following:
Sets a date for a hearing * * *;
Gives notice of the date of the hearing * * *;
Conducts the hearing[.]
 "[B]y its express terms [R.C. 2323.51(B)(2)] does not mandate that an evidentiary hearing shall be held whenever a motion for fees is made, but only states that an evidentiary hearing is a necessary precondition to awarding fees." Sheridan v. Harbison (1995), 101 Ohio App.3d 206, 212. Accord, Dickens v. Gen. Acc. Ins. (1997), 119 Ohio App.3d 551, 554.
Unpublished Decision (2001).
In the present case, Appellant moved to recover attorney fees claiming that Appellee engaged in frivolous conduct. After reviewing the pre-hearing filings submitted by Appellant and Appellee, the trial court gave notice of the date it would hear Appellee's motion for sanctions. At no time did the trial court give notice of its intention to hold a hearing with respect to Appellant's motion. Following the hearing regarding Appellee's motion for sanctions, the trial court granted Appellee's motion and denied Appellant's motion. As such, the trial court was not required to hold a hearing regarding a motion for attorney fees that it deemed meritless. Naturally, a trial court's determination that a hearing is not required negates the requirement that the court provide notice. Therefore, Appellant's third assignment of error is overruled.
 ASSIGNMENT OF ERROR IV — app. NO. 2001 CA 00018 The trial court abused its discretion and erred as a matter of law when it denied Appellant's request for a new trial pursuant to [Civ.R.] 59.
 ASSIGNMENT OF ERROR I — app. NO. 2001 CA 00034 The trial court erred when it granted judgment against Appellant when Appellee had not perfected service and the trial court proceeded without jurisdiction.
 ASSIGNMENT OF ERROR IV — app. NO. 2001 CA 00034 The trail court abused its discretion and erred as a matter of law when it denied Appellant's request for a new trial pursuant to [Civ.R.] 59.
In these assignments of error, Appellant contends that the trial court erred when it denied his motion for a new trial. Specifically, Appellant argues that the motion should have been granted on the following bases: (1) the judgment is against the manifest weight of the evidence; (2) the judgment is contrary to the law; (3) an error occurred at trial and was brought to the attention of the trial court by Appellant; and (4) the court did not have personal jurisdiction over Appellant because service of process was not properly perfected. Appellant's contentions have no merit.
The trial court retains sole discretion in determining whether a new trial should be granted. Verbon v. Pennese (1982), 7 Ohio App.3d 182,184. This determination will not be disrupted by an appellate court absent an abuse of discretion. Id.
When a party asserts that the evidence is against the manifest weight of the evidence, "an appellate court conducts the same manifest weight analysis in both criminal and civil cases." Ray v. Vansickle (Oct. 14, 1998), Lorain App. Nos. 97CA006897 and 97CA006907, unreported, at 3. As such, "[t]he [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered."State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175.
In the case at bar, Appellant has failed to provide this court with a transcript of the proceedings pursuant to App.R. 9. It is the Appellant's responsibility to apprise this court of the trial court's error. See App.R. 16(A)(7). "In absence of an adequate record, we must presume the regularity of proceedings in the trial court." Hornacek v. TravelersIns. Co. (1991), 72 Ohio App.3d 31, 34. Without a transcript of the proceedings, we cannot say that the trial court abused its discretion in denying Appellant's motion for a new trial on the bases of (1) through (3) outlined above.
In addressing Appellant's personal jurisdiction challenge, it is imperative to ascertain the means in which a trial court may obtain personal jurisdiction. A trial court may obtain personal jurisdiction over a defendant via: (1) service of process; (2) "voluntary appearance andsubmission of the defendant or his legal representative[;]" or (3) "bycertain acts of the defendant or his legal representative whichconstitute an involuntary submission to the jurisdiction of the court."Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156.
Appellant argues that the court did not obtain personal jurisdiction over him because there was insufficient service of process. Moreover, Appellant states that he properly raised these defenses in his answer. Notwithstanding these arguments, it is clear that Appellant had notice of the proceedings, appeared, defended, was given a full opportunity to be heard, and was represented by counsel throughout the entire process. Therefore, we conclude that Appellant, by his actions, voluntarily submitted to the trial court's jurisdiction. Accordingly, these assignments of error are overruled.
 ASSIGNMENT OF ERROR V — app. NO. 2001 CA 00018 The trial court abused its discretion and erred as a matter of law when it proceeded without all necessary and indispensable parties as mandated by Civ.R. 19 and contrary to the manifest weight of the evidence.
 ASSIGNMENT OF ERROR II — app. NO. 2001 CA 00034 The trial court abused its discretion and erred as a matter of law when it proceeded without all necessary and indispensable parties as mandated by Civ.R. 19.
In these assignments of error, Appellant avers that the trial court erred by proceeding without all necessary and indispensable parties and as such, acted contrary to the manifest weight of the evidence. Appellant's argument is not well taken.
Civ.R. 12(H) provides: "a defense of failure to join a party indispensable under Rule 19 * * * may be made in any pleading * * * by motion for judgment on the pleadings, or at the trial[.]" Appellant raised the defense of failure to join an indispensable party in his answer to Appellee's complaint. Nevertheless, Appellant's cursory statement in the answer without further affirmative action to pursue the raised defense results in a waiver. Mihalic v. Figuero (May 26, 1998), Cuyahoga App. No. 53921, unreported, 1998 Ohio App. LEXIS 2026, at *7. Appellant has a responsibility to not only initially raise the defense, but he must also present it via a motion or during trial. Id. Appellant's statement "[p]laintiff has failed to join indispensable parties[,]" does not properly provide the trial court with the necessary information to adjudge Appellant's defense. The record indicates that Appellant did not provide the trial court with any further evidence illustrating the failure to join an indispensable party, such as a motion to dismiss for failure to join an indispensable party. Consequently, we find that Appellant waived his defense of failure to join an indispensable party. See D.C.Hughes Mgt. Co. v. Bey (June 29, 1978), Cuyahoga App. No. 37581, unreported, 1978 Ohio App. LEXIS 10481 (concluding that tenant's failure to raise the contents of the notice as required by R.C. 1923.04 waived the defense); Maynard v. Maynard (February 11, 1982), Cuyahoga App. No. 43642, unreported, 1982 Ohio App. LEXIS 12307 (stating that the failure to raise the issue of notice in the trial court eliminates the ability to raise the issue in the appellate court). Accordingly, these assignments of error are overruled.
 ASSIGNMENT OF ERROR III — App. NO. 2001 CA 00034 The trial court erred as a matter of law when it found that Appellant had personally guaranteed payment for services rendered to a corporation without a writing[,] in violation of the statute of frauds.
In his third assignment of error, Appellant alleges that the trial court incorrectly held Appellant as the individual who personally requested Appellee's plumbing and heating services for the corporation and who personally guaranteed payment for these services in violation of the statute of frauds. We disagree.
The trial court has the duty of weighing the evidence presented at trial. State v. DeHass (1967), 10 Ohio St.2d 230, 231. The appellate court uses an abuse of discretion review to determine if the trial court improperly weighed the evidence. Appellant claims that at trial evidence was presented in the form of testimony and exhibits that corroborate his contention that he did not request the service nor guarantee payment. Appellee responds to the contrary. However, Appellant has failed to provide this court with a copy of the transcript from this proceeding pursuant to App.R. 9. Appellant is charged with the duty to inform this court of the trial court's error. See App.R. 16(A)(7). "In absence of an adequate record, we must presume the regularity of proceedings in the trial court." Hornacek, 72 App.3d at 34. Absent a transcript of the proceedings, we cannot hold that the trial court abused its discretion.
In App. No. 2001 CA 00018, Appellant's first, third, fourth, and fifth assignments of error are overruled, and Appellant's second assignment of error is sustained in part. In App. No. 2001 CA 00034, Appellant's first, second, third, and fourth assignments of error are overruled. The judgment of the Canton Municipal Court is affirmed in part, and reversed in part.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Canton Municipal Court, County of Stark, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
BATCHELDER, P. J. BAIRD, J. CONCUR.