DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jane Renner-Goff, appeals from the judgment of the Summit County Court of Common Pleas denying her motion to vacate an earlier judgment. This court affirms.
 I.
Appellant and her son, Trevor Renner, signed a cognovit note in favor of the Second National Bank of Warren ("Bank"). In 1994, the Bank filed the instant action against both signers, alleging joint and several liability. The Bank sought to reduce the note to a judgment based on the signers' failure to pay on the note. On February 23, 1994, the trial court entered a default judgment in favor of the Bank, based on admissions by both signers.
Ultimately, Appellant filed suit against the Bank in federal court and won a judgment in her favor. Appellant and the Bank later came to an agreement on the instant matter. The Bank agreed to vacate its judgment against Appellant and the Bank assigned to Appellant its judgment against Appellee, Trevor Renner. The Bank and Appellant, along with the trial court judge, signed an agreed judgment entry on March 23, 1999. The agreed judgment entry stated that the Bank was releasing all claims against Appellant only and the Bank was assigning to Appellant the 1994 judgment entered against Appellee. Appellee did not sign this agreement and he claims that he did not receive a copy of the judgment entry.
On January 7, 2000, Appellee moved the court to find that the 1994 judgment was satisfied and discharged. Appellee served his motion on Appellant's counsel of record. Appellant's counsel moved for an extension of time to respond to Appellee's motion. However, Appellant never actually responded to Appellee's motion. On April 28, 2000, the court granted Appellee's motion and served a copy of the judgment entry on Appellant's attorney of record. Notwithstanding the court's decision that the 1994 judgment had been satisfied, Appellant filed motions to garnish Appellee's property. Appellee filed motions for a protective order and for contempt, based on Appellant's attempt to enforce a judgment that had been satisfied.
On August 3, 2000, Appellant filed a notice of appeal from the April 28, 2000 judgment. This court ultimately dismissed the appeal after determining that the appeal was not timely filed. Second Natl. Bank v.Renner (Sept. 14, 2000), Summit App. No. 20200, unreported. On August 18, 2000, Appellant also filed a motion to vacate the April 28, 2000 judgment. The motion sought relief from judgment pursuant to Civ.R. 60(B) and also claimed that the April 28, 2000 order was void because the trial court lacked the authority to enter the order.
On February 13, 2001, the trial court denied Appellant's motion to vacate. On March 15, 2001, Appellant filed the instant appeal. Appellant assigns three errors.
 II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE UNDER 60(B) STANDARDS.
In her first assignment of error, Appellant claims that the trial court erred in denying her motion for relief from judgment pursuant to Civ.R.60(B). "The issue to be decided on an appeal from the denial of a Civ.R. 60 motion for relief from judgment is whether the trial court abused its discretionary authority provided by the rule." In re Karasek
(1997), 119 Ohio App.3d 615, 630, quoting Moore v. Emmanuel FamilyTraining Ctr. (1985), 18 Ohio St.3d 64, 66. Abuse of discretion connotes a judgment that is unreasonable, arbitrary or unconscionable. Quebodeauxv. Quebodeaux (1995), 102 Ohio App.3d 502, 505.
In order to prevail on a Civ.R. 60(B) motion,
 the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec. v. ARC Industries (1976), 47 Ohio St.2d 146 at paragraph two of the syllabus. Appellant filed a timely motion claiming that she was entitled to relief from judgment because she was never personally served with either Appellee's motion or the judgment entry granting that motion. Appellant claims that the service was ineffective because her counsel was served rather than Appellant herself.
This court agrees with the trial court's conclusion that Appellant's argument is meritless. On January 7, 2000, Appellee served a copy of his motion on Mr. Ludwig, counsel of record for Appellant. On January 25, 2000, Mr. Ludwig filed a motion for an extension of time to respond to Appellee's motion. To meet fundamental due process requirements, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Regional Airport Authority v.Swinehart (1980), 62 Ohio St.2d 403, 406, quoting Mullane v. CentralHanover Bank Trust Co. (1950), 339 U.S. 306, 314, 94 L.Ed. 865, 873. It is apparent that Appellant was properly served, through service upon her counsel, with a copy of Appellee's motion.
Appellant was apprised of Appellee's motion but failed to respond to the motion. This does not justify relief from judgment on any grounds permitted under Civ.R. 60(B)(1)-(5), for
 (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, * * * or (5) any other reason justifying relief from the judgment.
Civ.R. 60(B).
Appellant's first assignment of error is not well-taken, and it is overruled.
 III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE UNDER INHERENT POWERS STANDARDS.
 Appellant also claims that the trial court was without authority to enter the April 28, 2000 judgment because a visiting judge signed the order and that judge was assigned to act on April 24 and April 25, 2000. Appellant argues that because the judge signed the judgment entry after the period of his assignment, he had no authority to do so. Appellant cites to Lincoln Tavern, Inc. v. Snader (1956), 165 Ohio St. 61
as authority for her argument.
However, it is not clear from the record that the visiting judge exceeded his authority in signing the judgment entry. The Chief Justice signed an order stating that the visiting judge was assigned to preside "for the days of April 24 and 25, 2000 and to conclude any proceedings in which he participated that are pending at the end of that period." It is clear that the visiting judge signed the judgment entry three days after the period of his assignment. However, Appellant has not provided any evidence that the visiting judge had not considered the pending motion on April 24 and/or 25 and simply signed the completed journal entry three days later. If the visiting judge began to review the merits of Appellee's motion, he was authorized to conclude his consideration of the motion and to render judgment on the motion.
It is the burden of the appellant to demonstrate that the trial court erred. See App.R. 16(A)(7). Without evidence to the contrary, this court must presume regularity on the part of the trial court. See Hornacek v.Travelers Ins. Co. (1991), 72 Ohio App.3d 31, 34.
Appellant claims that the trial court's failure to admit the deposition of Judge Lile was error. Civ.R. 32 provides "[e]very deposition intended to be presented as evidence must be filed at least one day before the day of trial or hearing unless for good cause shown the court permits a later filing." The record reflects that Appellant filed the deposition on the same day as the January 11, 2001 hearing. Appellant failed to present good cause to permit a later filing. Accordingly, the trial court did not error in excluding the deposition.
Appellant also claims that the trial court should have personally served her with a copy of the April 28, 2000 judgment entry granting Appellee's motion. Appellant cites to Civ.R. 5(B) and Swander DitchLandowners' Assn. v. Joint Bd. of Huron and Seneca Cty. Commrs. (1990),51 Ohio St.3d 131, syllabus. The Supreme Court in Swander Ditch held that where a party is represented by counsel, service of a court order must be made on the party's attorney, "unless service upon the party is ordered by the court." Id. The facts in Swander Ditch were contrary to those found here. In that case, a party who was represented by counsel was personally served with a judgment entry. Because the party had no appreciation for the legal import of the document, he failed to apprise his counsel of the judgment, and the time for filing an appeal passed. The Supreme Court reiterated that unless the court specifically determines that a judgment entry is to be served upon the party, service upon a represented party must be made by service upon the party's counsel.
Appellant now seeks to turn the holding of Swander Ditch on its head. The judgment entry in the instant case orders "service upon all parties." This does not rise to the level of a specific order that Appellant should be served personally with the judgment entry, notwithstanding the fact that she is represented by counsel.
Appellant's second assignment of error is overruled.
 IV. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO REVIVE AND REINSTATE THE FEBRUARY 1994 JUDGMENT.
Appellant claims that it was error for the trial court to deny her motion to "revive and reinstate" the February 23, 1994 judgment. However, Appellant cites to no relevant case law or other authority to support her argument.
The agreed judgment entry of March 25, 1999 was intended to vacate the judgment as to Appellant only and to assign the judgment against Appellee to Appellant. However, the trial court determined that the effect of the agreed judgment entry was to vacate the judgment as to both co-signers because they were jointly and severally liable for the debt. After this determination was made, Appellant asked the trial court to undo the damage done by her voluntary agreed judgment entry by "reviving" the judgment. Revivor is a procedure to effectuate a dormant judgment. See R.C. 2329.07. Revivor is not an appropriate procedure to reinstate a judgment that has been vacated.
Appellant's participation in executing the agreed judgment entry on March 25, 1999, constituted invited error. It was neither the duty of the trial court nor is it our duty to remedy such invited error. See State exrel. Fowler v. Smith (1994), 68 Ohio St.3d 357, 359.
Appellant's third assignment of error is not well-taken, and it is overruled.
 V.
Having overruled the assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WHITMORE, J. CONCURS., CARR, J., CONCURS IN JUDGMENT ONLY