OPINION
 STATEMENT OF THE FACTS AND CASE
{¶ 1} On September 2, 1994, the Licking County Grand Jury indicted appellant, Brian Williams, on one count of aggravated robbery in violation of R.C. 2911.01. Said charge arose from the robbery of a Duke and Duchess convenience store in Newark, Ohio. A jury trial commenced on April 24, 1995. The jury found appellant guilty as charged. By judgment entry filed May 19, 1995, the trial court sentenced appellant to an indefinite term of eight to twenty-five years in prison.
{¶ 2} Following an appeal, this court reversed appellant's conviction and ordered a new trial. See, State v. Williams (January 14, 1997), Licking App. No. 95CA69, unreported. Upon remand, a second trial was held and the jury found appellant not guilty of the aggravated robbery charge.
{¶ 3} On August 20, 1998, appellant filed a petition for wrongful imprisonment against the State of Ohio, Department of Rehabilitation and Correction. On September 11, 1998, the state filed a motion to dismiss. By judgment entry filed September 30, 1998, the trial court granted said motion. Following an appeal, this court affirmed the decision. See,Williams v. State of Ohio (April 1, 1999), Licking App. No. 98CA98.
{¶ 4} On June 6, 1999, appellant again filed a petition for wrongful imprisonment, this time against appellees, the Licking County Prosecutor's Office and the State of Ohio Attorney General's Office. A trial commenced on March 19, 2001. By judgment entry filed April 3, 2001, the trial court found appellant's claim was not proven by a preponderance of the evidence and dismissed the petition.
{¶ 5} On April 17, 2001, appellant filed a motion for new trial. On May 3, 2001, appellant filed an appeal on the April 3, 2001 dismissal (Case No. 01CA51). On May 4, 2001, the trial court denied the motion for new trial. On June 4, 2001, appellant filed an appeal on the May 4, 2001 denial (Case No. 01CA62).
{¶ 6} On October 22, 2001, this Court affirmed the decision of the trial court in Case No. 01-CA-51, but found that the trial court lacked jurisdiction to rule upon the motion for new trial rule, vacated the judgment in Case NO. 01-CA-62 and remanded the matter back to the trial court for a determination of Appellant's motion for new trial.
{¶ 7} On October 29, 2001, the trial court denied Appellant's motion for new trial.
{¶ 8} On November 29, 2001, Appellant filed the instant appeal.
{¶ 9} This matter is now before this court for consideration. Assignments of error are as follows:
ASSIGNMENTS OF ERROR
 {¶ 10} "THE TRIAL JUDGE ABUSED HIS DISCRETION WHEN HE DENIED APPELLANT'S MOTION FOR A NEW TRIAL WHEN IT IS CLEAR THE DECISION IS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE."
 {¶ 11} "THE TRIAL JUDGE'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I., II.
{¶ 12} Appellant claims the trial court's decision in denying his motion for a new trial was an abuse of discretion and was against the manifest weight of the evidence. We disagree.
{¶ 13} The standard of appellate review on a motion for new trial is abuse of discretion. Anthony v. Hunt (Feb. 9, 1998), Stark App. No. 1997CA00170, unreported, at 1. In order to find an abuse of discretion, we must find the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Therefore, we must look to the totality of the circumstances and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. It is based on these standards that we review appellant's First and Second Assignments of Error.
{¶ 14} A trial court may grant a new trial only if there is no substantial, credible evidence upon which the jury could have arrived at its verdict. See Gedetsis v. Anthony Allega Cement Contractors, Inc. (Sept. 23, 1993), Cuyahoga App. No. 64954, unreported.
{¶ 15} The trial court retains sole discretion in determining whether a new trial should be granted. Verbon v. Pennese (1982),7 Ohio App.3d 182, 184. When a party asserts that the evidence is against the manifest weight of the evidence, "an appellate court conducts the same manifest weight analysis in both criminal and civil cases." Rayv. Vansickle (Oct. 14, 1998), Lorain App. Nos. 97CA006897 and 97CA006907, unreported, at 3. As such, "[t]he [reviewing] court * * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380,387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
{¶ 16} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court.Myers v. Garson (1993), 66 Ohio St.3d 610.
{¶ 17} As noted in the case law cited supra, review of a claim that a judgment is against the manifest weight of the evidence necessitates a review of the evidence presented.
{¶ 18} Pursuant to App.R. 9(B), appellant has the mandatory duty to provide this court with a transcript of the trial when making a manifest weight argument:
 The transcript of proceedings; duty of appellant to order; notice to appellee if partial transcript is ordered
 At the time of filing the notice of appeal the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk. * * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion.
{¶ 19} In the case at bar, Appellant has failed to provide this court with a transcript of the proceedings held on March 19 and 20, 2001. The only transcripts in the record are of appellant's second criminal jury trial on September 2, 1997, and the depositions of appellant, Harvey Shulman and Stacy Williams. Pursuant to App.R. 9., it is the Appellant's responsibility to apprise this court of the trial court's error. See App.R. 16(A)(7). "In absence of an adequate record, we must presume the regularity of proceedings in the trial court." Hornacek v.Travelers Ins. Co. (1991), 72 Ohio App.3d 31, 34. Without a transcript of the proceedings, we cannot say that the trial court abused its discretion in denying Appellant's motion for a new trial.
{¶ 20} Based upon App.R. 9(B), Appellant's assignments of error are denied.
{¶ 21} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed for Case No. 01CA62.
By: BOGGINS, J. GWIN, P.J. and FARMER, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to Appellant.