This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Paul and Erica Tingler, appeal from the judgment of the Cuyahoga Falls Municipal Court that overruled their objections to the magistrate's decision. We affirm.
On April 2, 2001, Appellees, Anthony and Louis Cervellino, filed a complaint in the Cuyahoga Municipal Court against Appellants. Following a hearing before a magistrate, the magistrate issued his proposed decision. Thereafter, Appellants objected to the magistrate's decision. The trial court overruled Appellants' objections and entered a judgment in favor of Appellees. Appellants timely appeal, raising eight assignments of error for review, which we will address together.
Before addressing the merits of the appeal, we note that Appellees did not file an appellate brief. Therefore, we may accept the facts and issues as stated in Appellants' appellate brief as correct and reverse the judgment if Appellants' brief reasonably appears to sustain such action. See App.R. 18(C).
 ASSIGNMENT OF ERROR I "The court erred in awarding cleaning costs to [Appellee]."
 ASSIGNMENT OF ERROR II
"The court erred in awarding excessive costs for repairs."
 ASSIGNMENT OF ERROR III
"The court erred in awarding excessive costs for labor."
 ASSIGNMENT OF ERROR IV "The court erred in calculating the award amounts for [Appellee] with insufficient evidence of expenses."
 ASSIGNMENT OF ERROR V "The court erred in awarding damages that were based on insufficient evidence of expenses."
 ASSIGNMENT OF ERROR VI "The court erred in awarding lock replacement as a necessary obligation of [Appellant]."
 ASSIGNMENT OF ERROR VII "The court erred in awarding replacement costs for damages with no consideration of the age of depreciation of the damaged items."
 ASSIGNMENT OF ERROR VIII "The court erred in allowing a deduction for the interest owed to [Appellant] on the amount of their excess deposit that was less than that provided for in R.C. 5321.16(A)."
In their first, second, third, fourth, fifth, sixth, and seventh assignments of error, Appellants challenge the adequacy of the evidence presented at the hearing. Essentially, in these assignments of error, Appellants contend that Appellees failed to present sufficient evidence to support the judgment of the trial court, which withheld their entire security deposit. In their eighth assignment of error, Appellants aver that the trial court erroneously calculated their deduction, in violation of R.C. 5321.16(A). Appellants' assignments of error lack merit.
In the case at bar, Appellants have failed to provide this court with a transcript of the proceedings pursuant to App.R. 9. See App.R. 9(B) (stating, in pertinent part, "if the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence[,] * * * the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusions"). It is the appellant's responsibility to apprise this court of the trial court's error. See App.R. 16(A)(7). "In absence of an adequate record, we must presume the regularity of the proceedings in the trial court." Hornacek v. TravelersIns. Co. (1991), 72 Ohio App.3d 31, 34.
Although App.R. 18(C) vests this court with the discretion to accept Appellants' statement of the facts and issues as correct due to Appellees' failure to file an appellate brief, we decline to exercise this discretion as it requires this court to disregard the presumption regarding the regularity of the proceedings in the trial court. See id. Furthermore, we can only exercise this discretion and reverse the judgment if "[Appellants'] brief reasonably appears to sustain such action[,]" and without a transcript of the proceedings, we are unable to determine the existence of the assigned errors and must affirm the trial court's decision. See App.R. 18(C). Appellant's first, second, third, fourth, fifth, sixth, seventh, and eighth assignments of error are overruled.
Appellant's assignments of error are overruled. The judgment in the Cuyahoga Falls Municipal Court is affirmed.
BAIRD, J., WHITMORE, J. CONCUR.